IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS DECEMBER 13, 2005

## RODNEY M. BUTLER v. QUENTIN WHITE, COMMISSIONER, ET AL.

### Direct Appeal from the Chancery Court for Lauderdale County
No. 13, 098     Martha B. Brasfield, Chancellor

_____

### No. W2005-01382-COA-R3-CV - Filed January 12, 2006

_____

The prison disciplinary board found the prisoner guilty on numerous occasions of refusing to submit to a drug screen.  After exhausting his administrative appeals, the prisoner filed a pro se petition for a writ of certiorari in the chancery court to contest the convictions.  The trial court dismissed the prisoner's petition citing his failure to file it within the applicable statute of limitations.  The prisoner appealed to this Court.  Because the prisoner was released from prison during the pendency of the case in the trial court, we vacate the trial court's order and remand this case for the entry of an order dismissing the petition on the ground of mootness.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Rodney M. Butler, *pro se*, Jackson, TN

Paul G. Summers, Attorney General & Reporter; Michael E. Moore, Solicitor General; Bradley W. Flippin, Assistant Attorney General, for Appellee

# MEMORANDUM OPINION[1]

## I.
### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

When this lawsuit was originally filed in the trial court, Rodney M. Butler ("Butler" or "Appellant") was an inmate in the custody of the Tennessee Department of Correction ("TDOC") being housed at West Tennessee State Penitentiary in Henning, Tennessee. Between July 24, 2001 and October 7, 2003, the prison's disciplinary board found Butler guilty of eleven separate incidences of refusing to submit to a drug screen. Butler appealed all of the these convictions to the prison's warden who upheld the convictions. Butler's most recent conviction was affirmed by the warden on December 4, 2003.

On September 28, 2004, Butler filed a pro se "Petition for Writ of Certiorari" against Quentin White, TDOC Commissioner ("Commissioner" or "Appellee"), in the Chancery Court of Lauderdale County seeking to challenge the propriety of his disciplinary convictions. Thereafter, the Commissioner filed a motion seeking to have Butler's petition dismissed for, among other things, his failure to file the petition within the sixty (60) day statute of limitations set forth in section 27-9-102 of the Tennessee Code. On May 3, 2005, the chancery court entered an order dismissing Butler's petition citing his failure to file it within the applicable statute of limitations. Butler subsequently filed a pro se appeal to this Court presenting numerous issues for our review.

During the pendency of the present appeal, the Commissioner filed a motion asking this Court to dismiss Butler's appeal. Therein, the Commissioner alleged that Butler's appeal is presently moot due to his release from prison on March 2, 2005.[2] On October 12, 2005, this Court entered an Order denying the Commissioner's motion, but we did not preclude the Commissioner from raising the mootness issue in his brief. Upon further review, we hold that the present appeal is not justiciable under the doctrine of mootness.

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited to or relied on for any reason in any unrelated case.

[2] The Commissioner's motion was accompanied by the affidavit of Jeannetta Kimbro, Sentence Manager for the TDOC, who attested that Butler was released from prison on the aforementioned date after completing his sentence.

## II.

### ANALYSIS

We have previously explained the doctrine of mootness in the context of an appeal involving a prisoner, stating:

> The doctrine of justiciability prompts courts to stay their hand in cases that do not involve a genuine and existing controversy requiring the present adjudication of present rights. *State ex rel. Lewis v. State*, 208 Tenn. 534, 537, 347 S.W.2d 47, 48 (1961); *Dockery v. Dockery*, 559 S.W.2d 952, 954 (Tenn. Ct. App. 1977). Thus, our courts will not render advisory opinions, *Super Flea Mkt. of Chattanooga v. Olsen*, 677 S.W.2d 449, 451 (Tenn. 1984); *Parks v. Alexander*, 608 S.W.2d 881, 892 (Tenn. Ct. App. 1980), or decide abstract legal questions. *State ex rel. Lewis v. State*, 208 Tenn. at 538, 347 S.W.2d at 49.
>
> Cases must be justiciable not only when they are first filed *but must also remain justiciable throughout the entire course of the litigation, including the appeal. Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 1253, 108 L. Ed. 2d 400 (1990); *Kremens v. Bartley*, 431 U.S. 119, 128-29, 97 S. Ct. 1709, 1715, 52 L. Ed. 2d 184 (1977); 13A Charles A. Wright et al., *Federal Practice and Procedure* §§ 3533, 3533.10 (2d ed. 1984) ("Federal Practice and Procedure"). The concept of mootness deals with the circumstances that render a case no longer justiciable. *Davis v. McClaran*, App., 1993 Tenn. App. LEXIS 760, No. 01-A-01-9304-CH-00164, slip op. at 2, 19 T.A.M. 1-3 (Tenn. Ct. App. Dec. 10, 1993), *perm. app. granted* (Tenn. Mar. 28, 1994) ("mootness is a doctrine of justiciability"); Federal Practice and Procedure § 3533, at 211.
>
> A moot case is one that has lost its character as a present, live controversy. *McCanless v. Klein*, 182 Tenn. 631, 637, 188 S.W.2d 745, 747 (1945); *Krug v. Krug*, 838 S.W.2d 197, 204 (Tenn. Ct. App. 1992); *LaRouche v. Crowell*, 709 S.W.2d 585, 587 (Tenn. Ct. App. 1985). The central question in a mootness inquiry is whether changes in the circumstances existing at the beginning of the litigation have forestalled the need for meaningful relief. Federal Practice and Procedure § 3533.3, at 261. A case will generally be considered moot if it no longer serves as a means to provide relief to the prevailing party. *Church of Scientology v. United States*, [506 U.S. 9, 12], 113 S. Ct. 447, 449 (1992); *Knott v. Stewart County*, 185 Tenn. 623, 626, 207 S.W.2d 337, 338-39 (1948); *Massengill v. Massengill*, 36 Tenn. App. 385, 388-89, 255 S.W.2d 1018, 1019 (1952).

***McIntyre v. Traughber***, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994) (emphasis added). Thus, an appeal filed by a prisoner may become moot by virtue of the prisoner's release from prison during the pendency of the litigation. ***See id.***

This Court previously addressed the justiciability of an appeal filed by a prisoner in a case factually similar to the one presently before the Court. In ***Easley v. Britt***, No. M1998-00971-COA-R3-CV, 2001 Tenn. App. LEXIS 771, at \*2 (Tenn. Ct. App. Oct. 16, 2001), the prisoner was convicted of robbery and sentenced to twenty years in prison. While participating in the prison's work release program, the prisoner failed to return to the prison at the designated time. ***Id.*** The TDOC charged the prisoner with the disciplinary offense of escape, and the prison disciplinary board ultimately found him guilty of the offense. ***Id.*** As a result, the TDOC removed the prisoner from the work release program and reclassified him as an medium security inmate. ***Id.*** at \*2–3. After exhausting his administrative appeals, the prisoner filed a pro se writ for common law certiorari alleging that the prison's disciplinary board erred in finding him guilty of escape. ***Id.*** at \*3. The trial court affirmed the board's decision and dismissed the prisoner's appeal. ***Id.*** The prisoner subsequently filed an appeal to this Court. ***Id.***

During the pendency of the appeal, we learned that the prisoner had been released from prison. ***Id.*** Taking notice of this post-judgment fact pursuant to Rule 14 of the Tennessee Rules of Appellate Procedure, we noted the following:

> When Mr. Easley filed this appeal, his purpose was to convince this court that we should vacate the trial court's dismissal of his petition for common-law writ of certiorari and that we should send the case back to the trial court to determine whether the disciplinary board had acted arbitrarily and capriciously. The ultimate relief he sought was to clear his disciplinary record so that he could return to his minimum security classification and could be placed back in the work release program at the NCSC for the remainder of his sentence. Mr. Easley's release calls the justiciability of this case into question.
>
> The courts, being careful stewards of their power, have developed various justiciability principles to serve as guidelines for determining whether providing judicial relief in a particular case is warranted. To be justiciable, a case must involve presently existing rights, live issues that are within a court's power to resolve, and parties who have a legally cognizable interest in the resolution of these issues. A case is not justiciable if it does not involve a genuine, existing controversy requiring the adjudication of presently existing rights. *State v. Brown & Williamson Tobacco Co.*, 18 S.W.3d 186, 193 (Tenn. 2000); *State ex rel. Lewis v. State*, 208 Tenn. 534, 537, 347 S.W.2d 47, 48 (1961); *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d 615, 616 (Tenn. Ct. App. 1998).

The requirements for litigation to continue are essentially the same as the requirements for litigation to begin. *Charter Lakeside Behavioral Health Sys. v. Tennessee Health Facilities Comm'n*, 2001 Tenn. App. LEXIS 58, M1998-00985-COA-R3-CV, 2001 WL 72342, at *5 (Tenn. Ct. App. Jan. 30, 2001) (No Tenn. R. App. P. 11 application filed). Thus, cases must remain justiciable throughout the entire course of the litigation, including the appeal. *State v. Ely*, 48 S.W.3d 710, 716 n.3 (Tenn. 2001); *Cashion v. Robertson*, 955 S.W.2d 60, 62-63 (Tenn. Ct. App. 1997). A moot case is one that has lost its justiciability because it no longer presents a present, live controversy. *McCanless v. Klein*, 182 Tenn. 631, 637, 188 S.W.2d 745, 747 (1945); *County of Shelby v. McWherter*, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996); *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). Thus, a case will be considered moot if it no longer serves as a means to provide some sort of judicial relief to the prevailing party. *Knott v. Stewart County*, 185 Tenn. 623, 626, 207 S.W.2d 337, 338-39 (1948); *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d at 616; *Massengill v. Massengill*, 36 Tenn. App. 385, 388-89, 255 S.W.2d 1018, 1019 (1952).

Determining whether a case or an issue has become moot is a question of law. *Charter Lakeside Behavioral Health Sys. v. Tennessee Health Facilities Comm'n*, 2001 WL 72342, at *5; *Orlando Residence, Ltd. v. Nashville Lodging Co.*, 1999 Tenn. App. LEXIS 762, No. M1999-00943-COA-R3-CV, 1999 WL 1040544, at *3 (Tenn. Ct. App. Nov. 17, 1999) (No Tenn. R. App. P. 11 application filed). Thus, unless the case fits within one of the recognized exceptions to the mootness doctrine,[3] the courts will ordinarily vacate the judgment and remand the case to the trial court with directions that it be dismissed. *Ford Consumer Fin. Co. v. Clay*, 984 S.W.2d at 617; *McIntyre v. Traughber*, 884 S.W.2d at 138.

*Id.* at *4–7 (footnote omitted). Due to his release from prison during the pendency of the appeal, we held that this Court could no longer grant the prisoner the relief he requested in his petition. *Id.* at *8. Accordingly, we determined that the prisoner's appeal was moot. *Id.*

Turning to the present appeal, in his petition, Butler requested that the trial court find the prison disciplinary board's actions to be "arbitrary and illegal," dismiss the disciplinary convictions, and remove the convictions from his disciplinary record. Relying on our reasoning in *Easley*, we hold that the present appeal has become moot due to Butler's release from prison prior to the entry of the trial court's order in this case.

---

[3] The courts of this state have recognized several exceptions to the doctrine of mootness, *McIntyre*, 884 S.W.2d at 137, none of which apply to the present case.

## III.
### CONCLUSION

"The ordinary practice in disposing of a case that has become moot on appeal is to vacate the judgment and remand the case with directions that it be dismissed." *McIntyre*, 884 S.W.2d at 138; *see also Easley*, 2001 Tenn. App. LEXIS 771, at *8. In accordance with this practice, we vacate the trial court's order and remand this case to the trial court with directions that Butler's petition be dismissed on the ground of mootness. Costs of this appeal are to be taxed to the Appellant, Rodney M. Butler, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE