IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 16, 2010

## CITY OF CHATTANOOGA, TENNESSEE, A MUNICIPAL CORPORATION, et al., v. TENNESSEE REGULATORY AUTHORITY, et al.

**Appeal from the Tennessee Regulatory Authority**
**No. 06-00290**

**No. M2008-01733-COA-R12-CV - Filed July 21, 2010**

The City of Chattanooga has appealed the decision by the Tennessee Regulatory Authority establishing a rate for the appellee, Tennessee American Water Company. The Tennessee American Water Company filed a Motion to Dismiss on the grounds that the issues before this Court are moot. We hold the issues on appeal are moot and in our discretion decline to consider the issues as an exception to the mootness doctrine. The appeal is dismissed.

**Tenn. R. App. P.3 Appeal as of Right; Appeal Dismissed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the Court, in which CHARLES D. SUSANO, JR., J., and JOHN W. MCCLARTY, J., joined.

Thomas Greenholtz, Frederick L. Hitchcock,, Harold L. North, Jr., Michael A. McMahan, and Valerie L. Malueg, Chattanooga, Tennessee, for the appellant, City of Chattanooga, Tennessee, a Municipal Corporation.

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, and Ryan L. McGehee, Assistant Attorney General, Nashville, Tennessee, for the appellant, Consumer Advocate and Protection Division of the Tennessee Office of the Attorney General.

J. Richard Collier, Kelly Cashman-Grams, and Rebecca S. Montgomery, Nashville, Tennessee, for the appellee, Tennessee Regulatory Authority.

R. Dale Grimes, Ross I. Booher and Matthew J. Sinback, Nashville, Tennessee, for the appellee, Tennessee American Water Company.

# OPINION

This appeal is brought pursuant to the Tennessee Uniform Administrative Procedures Act, Tenn. Code Ann. § 4-5-322(b)(1)(B)(iii)[1] and is from a utility rate-making case decided by the Tennessee Regulatory Authority (TRA). The City of Chattanooga, Tennessee (City) and the Consumer Advocate and Protection Division of the Office of the Attorney General and Reporter (CAPD) are the appellants and the TRA and Tennessee American Water Company (TAWC) are the appellees.

The determinative issue is whether the appeal is moot and should be dismissed. Only the facts and procedural history pertinent to the mootness issue are considered.

TAWC provided a brief overview of the ratemaking process in Tennessee in its memorandum in support of its motion to dismiss the appeal based on mootness which is helpful for the following procedural history.

TAWC is a public utility that provides water services to customers in and around Chattanooga, Tennessee. As a public utility, TAWC is subject to both federal and state laws and administrative regulations. The laws and regulations pertinent to this case prohibit TAWC from raising the rates it charges its customers unless it files a petition with TRA and TRA concludes that the proposed rates are just and reasonable. *See* Tenn. Code Ann. § 65-5-103. All the rates and charges TAWC is entitled to charge customers must be set forth in tariffs filed by TAWC with TRA and TAWC can only charge the rates that are set forth in a filed and effective tariff. *See* Tenn. Code Ann. § 65-5-102; Tenn. Comp. R. & Regs. 1220-4-1-.03.

In the event TAWC wants to implement a rate increase based on an increase in its expenses or investments, decreased revenues, or other reasons, it must file a revision to the existing tariffs and a petition to revise the existing rates. *See* Tenn. Code Ann. § 65-5-103; Tenn. Comp. R. & Regs. 1220-4-1-.03 to .06. TRA has the authority to suspend the proposed rate increase pending an investigation regarding whether the proposed rate increase is just and reasonable. *See* Tenn. Code Ann. § 65-5-103. TRA can also convene a contested case and allow interested parties to intervene in the matter to oppose the proposed rates. If, following the investigation or contested hearing, TRA authorizes a rate revision other than

---

[1] Tenn. Code Ann. § 4-5-322 (b)(1)(b)(iii) provides that "[a] person who is aggrieved by any final decision of the Tennessee regulatory authority, or by a final decision of the state board of equalization in a contested case involving centrally assessed utility property assessed in accordance with title 67, chapter 5, part 13, shall file any petition for review with the middle division of the court of appeals". This appeal was filed in the middle section of the court of appeals but was transferred to the eastern section.

the one requested by TAWC, TAWC must file a revised tariff that sets out the rates authorized by TRA. Once the revised tariffs become effective, TAWC can charge its customers the increased rates and the tariffs remain in effect until they are subsequently modified. *See* Tenn. Code Ann. § 65-5-103; Tenn. Comp. R. & Regs. 1220-4-1-.03 to .06.

## The 2006 Rate Case and Appeal

In accordance with the above stated ratemaking process, TAWC filed a petition and revised tariffs on November 22, 2006 with TRA. The petition sought an increase in rates based on TAWC's claim that the then existing rates did not provide sufficient revenue to cover all costs incurred in providing water service to its customers. TRA suspended the proposed tariffs, convened a contested case, and permitted the intervention of CAPD, the City and Chattanooga Manufacturers Association (CMA). Over four days in April of 2007, a hearing was held on the merits of TAWC's requested rate increase, and one of TAWC's claimed increases in costs considered at the hearing was its Management Fees. This issue is the basis for the underlying appeal herein. Management fees are the charges from a contractor to TAWC for services under a service company contract. The services relate to accounting, administration, communication, corporate secretarial, engineering, finance, human resources, information systems, operations, rates and revenue, risk management and water quality.

On May 15, 2007, the TRA panel assigned to the 2006 Rate case voted to authorize a rate increase of approximately $4 million dollars. On May 17, 2007, TAWC filed its revised tariffs that showed the rate increase approved by TRA, which became effective on May 22, 2007 (2006 Rate Case Tariffs). The 2006 Rate Case Tarriffs indicate they are the eighth revision of the tariffs and that they replace the seventh revision. The 2006 Final Order was not issued until more than a year later, on June 10, 2008. The 2006 Rate Case then was ripe for appeal.

On August 8, 2008, the City filed its Petition for Direct Review of Administrative Proceedings of the 2006 Rate Case with this Court. The City indicated in the Petition that it intended to challenge TRA's decision on the issue of the amount of management fees paid by TAWC to its service company, the amount of the overall rate and the soundness of the 2006 Final Order based on the requirements for final orders found in Tenn. Code Ann. § 4-5-314. As to the management fee issue, the City claimed TRA failed to apply the appropriate statutory burden of proof when it failed to require TAWC to show that its management fees were just and reasonable and that the rate increase based on the management fees was just and reasonable. *See* Tenn. Code Ann. §§ 65-5-103(a)[2] and 65-2-109[3] and Tenn. Comp. R.

---

[2]Tenn. Code Ann. § 65-5-103(a) provides that "[w]hen any public utility shall increase any existing individual rates, joint rates, tolls, fares, charges, or schedules thereof, or change or alter any existing
(continued...)

-3-

& Regs. R. 1220-1-2-.16(2). The City's appeal was based on its contention that there was no evidence in the record that TAWC had established a basis for the claimed management fees. The City's prayer for relief was that this Court reverse the TRA's June 10, 2008 Order to the extent it allowed TAWC to increase its rates. In its appellate brief, the City expanded its challenge regarding management fee costs to include the allegation that TAWC had not introduced any proof at the 2006 Rate Case hearing of its claimed costs regarding depreciation, taxes and rate of return on $25,891,327 in claimed additional capital investments and claimed regulatory expenses.

On September 5, 2008, CAPD filed its Notice of Appearance in the 2006 Rate Case Appeal in support of the City's position and TAWC filed its Notice of Appearance in opposition to the City. On July 10, 2009, TAWC filed a Motion to Dismiss Appeal for Mootness, which was opposed by the City and CAPD. This Court entered an order that it would consider the motion to dismiss the appeal following oral arguments.

On March 14, 2008, TAWC filed a petition and revised tariffs seeking an additional increase in its rates, asserting that the rates authorized by TRA in the 2006 Rate Case no longer provided TAWC with sufficient revenue to cover all costs incurred in providing water service. TAWC requested that this Court take judicial notice of the record from the 2008 Rate case in this appeal as that case is an issue in the 2006 Rate Case appeal. Because TAWC based its motion to dismiss the 2006 Rate Case appeal on its contention that the tariffs authorized by the TRA in the 2008 Rate Case made the 2006 Rate Case moot, TAWC's request that this Court take judicial notice of the 2008 Rate case should be granted pursuant to Tenn. R. App. P. 13(c). We may take judicial notice of our Court's records and of records from "other cases advancing a similar claim of relief and involving the same parties or in collateral cases presenting similar or related issues." *Mosely v. Brandon*, No. M2006-02398-CCA-R3-HC, 2007 WL 1774309 at *4 (Tenn. Crim. App. Jun. 20, 2007). Taking judicial notice of records from a separate case involving the same parties or related issues is appropriate when the proceedings in that case are "expressly made an issue in the case on appeal." *Id*. at *4. The appeal of the 2008 Rate Case is before the middle section of this Court and captioned *Tennessee American Water Co. v. Tennessee Regulatory Authority*, No. M2009-0053-COA-R12-CV.

In the 2008 Rate Case, the TRA suspended the tariffs that contained the proposed

[2](...continued)
classification, the authority [TRA] shall have power either upon written complaint, or upon its own initiative, to hear and determine whether the increase, change or alteration is just and reasonable. The burden of proof to show that the increase, change, or alteration is just and reasonable shall be upon the public utility making the same. In determining whether such increase, change or alteration is just and reasonable . . . .

[3]Tenn. Code Ann.§ 65-102-109 provides for evidentiary rules of procedure for TRA proceedings.

increases, convened a contested case and permitted the CAPD and the City to intervene to oppose the proposed rate increase. A hearing on the merits was held in late August 2008, and on September 22, 2008, the TRA panel assigned to the 2008 Rate Case authorized a rate increase of approximately $1.65 million, which was less than TAWC had requested. TAWC then filed revised tariffs reflecting the rate increase approved by TRA on September 29, 2008. The 2008 Rate Case tariffs provide that the revised tariffs were effective as of October 1, 2008 and that they cancelled and replaced the 2006 Rate Case tariffs that are the subject of the 2006 Rate Case Appeal under consideration here. The 2008 Rate Case petition was filed with TRA more than six months before the 2006 Rate Case Appeal was filed with this Court.

TAWC filed its Petition for Direct Review of the Administrative Proceeding of the 2008 Rate Case in this Court on March 16, 2009. The City and CAPD filed a Notice of Appearance on April 14, 2009.

The issue we consider is whether the City's appeal of the 2006 final order no longer serves as a means to provide relief and is therefore moot?

The determination of whether a case is moot is a question of law, and our review is purely *de novo*. *Charter Lakeside Behavioral Health Sys. v. Tennessee Health Facilities Comm'n,* No. M1998-00985-COA-R3-CV, 2001 WL 72342 at *5 (Tenn. Ct. App. Jan. 31, 2001); *Orlando Residence, Ltd. v. Nashville Lodging Co.,* No. M1999-00943-COA-R3-CV, 1999 WL 1040544 at *3 (Tenn. Ct. App. Nov. 17, 1999).

The City and CAPD filed their appeal based on the contention that TRA erred when it determined the 2006 Rate Case Tariffs in the 2006 Rate Case. TAWC contends that the appeal is moot because the 2006 Rate Case Tariffs were cancelled and replaced by the 2008 Rate Case Tariffs, thus the 2006 Rate Case Tariffs are no longer in effect and this Court cannot afford the appellant any relief.

It is well established that courts in Tennessee cannot issue advisory opinions. *State v. Rodgers,* 235 S.W. 3d 92, 97 (Tenn. 2007). "However convenient or desirable for either party that the questions mooted in the case be authoritatively settled for future guidance, the court is not justified in violating fundamental principles of judicial procedure to gratify this desire." *Id.* (quoting *State ex rel. Lewis v. State*, 347 S. W. 2d 47, 48 (Tenn. 1961). The doctrine of mootness ensures that courts do not invest resources on matters that no longer represent live controversies and that courts do not issue irrelevant advisory opinions. *State ex rel. Lewis* at 48.

The mootness doctrine is well established under Tennessee law. *Alliance for Native American Indian Rights in Tennessee, Inc. v. Nicely*, 182 S.W.3d 333, 339 (Tenn. Ct. App. 2005)(citing *Charter Lakeside Behavioral Health Sys. v. Tennessee Health Facilities*

*Comm'n,* No. M1998-00985-COA-R3-CV, 2001 WL 72342 at *5 (Tenn. Ct. App. Jan. 30, 2001). A moot case is one that is no longer justiciable because it no longer involves a present, ongoing controversy. *Id.* at 338. A case will generally be considered moot if it no longer serves as a means to provide relief to the prevailing party. *McIntyre v. Traughber,* 884 S.W.2d 134, 137 (Tenn. App. 1994). A moot case is one that seeks a judgment on a matter that, when rendered, cannot have any practical effect upon a then-existing controversy; one in which no relief can be granted; or one in which the judgment rendered cannot be carried into effect. *Boyce v. Williams,* 389 S.W.2d 272, 277 (Tenn. 1965). Cases must remain justiciable throughout the course of the litigation, including an appeal. *Alliance for Native American Indian Rights* at 338; *State v. Ely,* 48 S.W.3d 710, 716 n. 3 (Tenn. 2001). When a case is determined to be moot and when it does not fit into one of the exceptions to the mootness doctrine, an appellate court will ordinarily vacate the judgment below and remand the case to the trial court with directions that it be dismissed. *Ford Consumer Fin. Co. v. Clay,* 984 S.W.2d at 617. However, if the case falls into one of the recognized exceptions to the mootness doctrine, the appellate court has the discretion to reach the merits of the appeal in spite of the fact that the case has become moot. *Alliance for Native Am. Indian Rights* at 339.

TAWC's contention that this appeal is moot is valid because the 2006 Rate Case Tariffs have been cancelled and replaced by the 2008 Rate Case Tariffs. The facts in the record establish that the 2006 Rate Case Tariffs were filed by TAWC on May 17, 2007 and they became effective on May 22, 2007. TAWC then filed the 2008 Rate Case Tariffs on September 29, 2008 and they became effective on October 1, 2008. By the terms of the 2008 Rate Case Tariffs, they cancelled and replaced the 2006 Rate Case Tariffs. Accordingly, the rates approved by the TRA in the 2006 Final Order are not now in effect, and have not been in effect since October 1, 2008. Therefore, if this Court were to determine that TRA did commit error in the 2006 Rate Case Final Order, that decision of the Court would have no effect on the rates TAWC is permitted to charge its customers now or in the future. *See McCord v. Nashville Gas Co.*, No. 87-108-II, 1987 WL 28387 (Tenn. Ct. App. Dec. 23, 1987).

Appellants do not dispute that the 2006 Rate Case Tariffs are no longer in effect nor do they dispute that those tariffs were cancelled and replaced by the 2008 Rate Case Tariffs. Instead, they contend that the 2006 Rate Case Tariffs are still a justiciable issue because, at least to some extent, the 2008 Rate Case Tariffs were based upon the 2006 Rate Case Tariffs that included the erroneous management fees that form the basis of this appeal. Appellants' claim on this issue is not supported by the facts contained in the Final Order in the 2008 Rate Case. That Final Order specifically addresses the basis for TRA's setting of the management fees in the 2008 Rate Case and specifically states that the fees were not based on the 2006 Rate Case. The Order explains that TRA determined the management fees by starting with the management fees forecasted for 2005 in a 2004 Rate Case and that figure was adjusted for inflation. Based on the plain language of the Final Order in the 2008 Rate Case,

appellants' argument on this issue is without merit.  Accordingly, the appeal is moot as it is no longer justiciable as it no longer involves a present, ongoing controversy.

Tennessee courts have recognized several exceptions to the mootness doctrine and if a case falls within one of these exceptions, in our discretion we may reach the merits of the appeal in spite of the fact that the case has become moot.  The two most commonly occurring exceptions to the mootness doctrine are where there are issues of great public interest and issues capable of repetition yet evading review.  *McIntyre* at 137.  However, even if one of the exceptions is applicable, a decision to consider the case on the merits is within the discretion of the appellate court. *Id.* (citing Dockery *v. Dockery,* 559 S.W.2d 952, 954 (Tenn. Ct. App.1977); *Gillespie v. City of Memphis,* No. W2007-01786-COA-R3-CV, 2008 WL 2331027 at * 5 (Tenn. Ct. App. Jun. 5, 2008).

The courts invoke the "capable of repetition yet evading review" exception only where (1) there is a reasonable expectation that the official act that provoked the litigation will occur again, (2) there is a risk that effective judicial remedies cannot be provided in the event that the official act reoccurs, and (3) the same complaining party will be prejudiced by the official act when it reoccurs.  A mere theoretical possibility that an act might reoccur is not sufficient to invoke the exception. Rather, there must be a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party. *Id.*

Appellants urge this Court to apply the "capable of repetition yet evading review" exception to the mootness doctrine. First, appellants argue that there is a reasonable expectation that the "improper fees and costs comprising a large part of the tariff permitted in the 2006 Rate Case will continue to be sought by TAWC in future rate cases."   The City supports this position by arguing that TAWC, in the 2008 Rate Case, did not seek to cut the improper fees and expenses from its requested adjustment in rates, but rather sought rate increases in addition to what it received from the 2006 Rate Case. Assuming arguendo appellants argument on the "recurring" prong of the exception were valid, the facts do not support a finding that the second prong of this exception is met, that there is a risk that effective judicial remedies cannot be provided in the event that the official act reoccurs.  Quite simply, the fact is that the 2008 Rate Case is currently on appeal before the Middle Section of this Court.   Thus, even if TAWC had based its request for a rate increase in the 2008 Rate Case on faulty evidence and TRA had granted TAWC's petition based on that evidence, in other words, the "official act" at issue here had reoccurred, appellant review of that act is currently available to appellants should they choose to raise that issue in the ongoing appeal of the 2008 Rate Case.  Accordingly, appellants' position as to this exception is without merit.

The Court in *Dockery v. Dockery*, 559 S.W.2d 952 (Tenn. App. 1977),  discussed the public interest exception to the mootness doctrine and held  that an appellate court may

entertain an appeal for final determination if it involves questions of public interest, even though it has become moot so far as the particular action or parties are concerned. *Id.* at 954. There, the Court stated that "[t]he decision as to whether to retain a moot case in order to pass on a question of public interest lies in the discretion of the court and generally a court will determine a moot question of public importance if it feels that the value of its determination as a precedent is sufficient to overcome the rule against considering moot questions." *Id.* (citing *McCanless v. Klein*, 188 S.W.2d 745, 747 (Tenn. 1945). The *Dockery* Court noted that this exception to the mootness doctrine is not to be used except in extraordinary circumstances "[b]ecause the general rule is to dismiss an appeal which has become moot, with the retention of such cases in the public interest being the exception to the rule, courts are inclined to refuse dismissal only under exceptional circumstances where the public interest clearly appears. *Dockery* at 954 - 955.

The Tennessee Supreme Court, in *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam County,* 301 S.W.3d 196 (Tenn. 2009), clarified when the circumstances of a case will warrant the invocation of the public interest exception to the mootness doctrine. The circumstances of *Lynch* were that Putnam County and the City of Cookville (County and City) filed an eminent domain action to condemn private property owned by Lynch to develop an industrial park. The County and City, however, had failed to obtain a certificate of public purpose and necessity prior to filing the complaint as required by statute.[4] The County and City voluntarily dismissed their complaint to allow time to obtain the needed certificate after the landowner, Lynch, filed a motion to dismiss based on failure to comply with the statute. The landowner then filed a motion for attorney's fees and costs, as well as a separate action seeking a partition in kind, an accounting, and damages. In response, the County and City opposed the property owner's request for attorney's fees and filed an answer in the partition case that included a counterclaim to condemn the property. The County and City also moved to set aside the voluntary dismissal of their original condemnation complaint. The trial court granted the motion to vacate the dismissal of the condemnation complaint, consolidated the condemnation and partition proceedings, and reserved addressing the property owner's request for attorney's fees. The landowner applied to the trial court for permission to file an interlocutory appeal, which was denied. The landowner then filed an application for extraordinary appeal in the Court of Appeals, which was also denied. The landowner renewed its application for an extraordinary appeal in the Supreme Court, which was granted. Following the Supreme Court's granting of the application, the County and City abandoned their efforts to condemn the property and reconfigured their industrial park project to exclude the Lynch property. Following this action, the County and City requested that the Supreme Court dismiss the landowner's appeal on the grounds of mootness. The landowner opposed the motion for dismissal based on the argument that the interpretation of the statute that required a certificate of public purpose and necessity before a condemnation suit is filed was "an interest of public character" that "applies to any

_____

[4]Tenn. Code Ann. § 13-16-207(f).

landowner". The Supreme Court held that (1) the appeal should not be dismissed for mootness based on the public interest exception and (2) that the trial court erred by failing to dismiss the County's and City's condemnation complaint because it had been filed before the City and County obtained the certificate of public purpose and necessity required by Tenn. Code Ann. § 13-16-207(f). *Lynch* at 199 - 202.

Only the first holding of the Supreme Court in *Lynch* regarding the public interest exception to the mootness doctrine is applicable to the matter before this Court here. First, the Supreme Court visited the history of the mootness doctrine and the public interest exception to that doctrine in Tennessee courts. *Id*. at 208 - 210. The Court then summarized the general rule of the public interest exception to the mootness doctrine as it stands in Tennessee today as follows:

> Our judicial heritage speaks to restraint in addressing issues when the parties do not have a continuing, real, live, and substantial interest in the outcome. Tennessee's appellate courts should dismiss appeals that have become moot regardless of how appealing it may be to do otherwise. However, under "exceptional circumstances where the public interest clearly appears," *Dockery v. Dockery,* 559 S.W.2d 952, 955 (Tenn. Ct. App.1977), the appellate courts may exercise their judgment and discretion to address issues of great importance to the public and the administration of justice. *State v. Rodgers,* 235 S.W.3d [92] at 97 [Tenn. 2007].

*Lynch* at 210.

After recognizing that the public interest exception to the mootness doctrine can be utilized in extraordinary circumstances at the appellate court's discretion, the Supreme Court offered four threshold considerations that the appellate courts need to address before exercising their discretion. Those threshold considerations are: (1) the public interest exception should not be invoked in cases affecting only private rights and claims personal to the parties; (2) the public interest exception should be invoked only with regard to "issues of great importance to the public and the administration of justice"; (3) the public interest exception should not be invoked if the issue is unlikely to arise in the future; and (4) the public interest exception should not be invoked if the record is inadequate or if the issue has not been effectively addressed in the earlier proceedings. *Id*. at 210 - 211.

The Supreme Court then provided that if the threshold considerations do not exclude the application of the public policy exception to the mootness doctrine, the appellate court has the duty to determine whether the issues in the case are exceptional enough to address despite general rule of law that courts will not address an issue that is moot. The Court provided the following guidelines that appellant courts may consider in making the "exceptional enough" determination: (1) the assistance that a decision on the merits will provide to public officials in the exercise of their duties, (2) the likelihood that the issue will

recur under similar conditions regardless of whether the same parties are involved, (3) the degree of urgency in resolving the issue, (4) the costs and difficulties in litigating the issue again, and (5) whether the issue is one of law, a mixed question of law and fact, or heavily fact-dependent. *Id.* at 211.

In the case before us, the threshold issues set forth by the Supreme Court are met. By its very nature, the case does not involve only private rights and claims. TAWC is a public utility that provides water to its customers, the members of the public in and around Chattanooga, Tennessee, and TRA is charged with regulating the rates TAWC charges those customers. Thus, the actions of both TAWC and TRA affect the interests of the public and appellants, the City and the CAPD, intervened in the rate case to represent and protect the interests of the public.

The issue on appeal is whether the evidence presented to the TRA by TAWC proved that the proposed rate tariffs in the 2006 Rate Case were just and reasonable. The justness and reasonableness of the tariffs approved in the Rate Case is of great importance to the public and the administration of justice so the second threshold consideration is met by the very nature of the controversy.

The third threshold consideration is whether the issue is unlikely to arise in the future. As TAWC will always have the burden of proving that its proposed tariffs are just and reasonable it is possible that TRA or other entities representing the interests of TAWC customers may raise the issue of the sufficiency of the evidence presented by TAWC in a future rate case. Accordingly, it is unrealistic to conclude that the issue is "unlikely" to arise in the future.

The fourth threshold consideration is also met. The record from the 2006 Rate Case, consisting of voluminous transcripts of testimony and exhibits, is adequate for review by this Court and the issue of the sufficiency of the evidence was addressed during the Rate Case.

Having concluded that the four threshold considerations for invoking the public interest exception to the mootness doctrine are present, we must consider whether the circumstance of this case are so exceptional that we should, in our discretion, employ the exception and consider the appeal. The Supreme Court in *Lynch* offered several suggested factors the appellate courts may consider when determining whether a moot case was so exceptional that it should be considered. Unlike the threshold considerations, these factors were only suggestions or examples of the type of issues an appellate court can consider when examining a case for exceptionalism and *Lynch* does not require, or suggest, that all or any of the factors listed must be considered by the appellate court.

The fifth factor listed in *Lynch* is whether the issue presented for review is one of law, mixed law and fact or fact-dependent. Here, there is no dispute between the parties that

TAWC bore the statutory burden of proving that its proposed rates were just and reasonable pursuant to Tenn. Code Ann. § 65-5-103, thus there is no pure question of law at issue. The issue raised by appellants is whether the evidence presented by TAWC was sufficient to show that the proposed rates were just and reasonable. This issue is clearly one of fact and we do not think this Court's decision in the 2006 Rate Case regarding the sufficiency of the testimony and exhibits specific to that case would be of much assistance to another court in the future that would be called upon to examine a completely different offer of proof as to the just and reasonableness of proposed rates in a different case. Based on the fact intensive nature of this appeal, we, in our discretion, decline to apply the public interest exception to the mootness doctrine. Moreover, one of the other factors suggested by *Lynch* comes into play here - the degree of urgency in resolving the issue. We cannot appreciate any degree of urgency here. First, the rates at issue ceased to be in effect in October 2008. Second, if, in another rate case, similar issues arise, the right and ability to appeal will be available to all parties. In fact, if these issues are a concern in the 2008 Rate Case, the appellants can raise them in the 2008 Appeal which is currently pending. In the exercise of discretion, we will not invoke the public interest exception to consider this case which is no longer a justiciable controversy.

In sum, we dismiss this appeal on the grounds of mootness, and remand, with the cost of the appeal in our discretion assessed one-half to the City of Chattanooga, Tennessee, and one-half to the Tennessee American Water Company.

_____
HERSCHEL PICKENS FRANKS, P.J.

-11-