IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs June 23, 2015

**STATE OF TENNESSEE v. ELASHANTI DEAN**

**Appeal from the Criminal Court for Hamilton County**
**Nos. 222434, 223277, 223280, 223283, 223286      Barry A. Steelman, Judge**

_____

**No. E2014-02169-CCA-R3-CD-FILED-AUGUST 6, 2015**

_____

Defendant, Elashanti Dean, pled guilty to five counts of aggravated robbery in 1998. He filed a motion under Tennessee Rule of Criminal Procedure 36.1, alleging that his concurrent sentences were illegal because he was released on bond in one case at the time he committed the crimes in four other cases. The trial court summarily dismissed the motion. Upon our thorough review of the record, we determine that Defendant has not presented a colorable claim for relief because the judgments are silent as to whether his sentences were to run concurrently or consecutively. Therefore, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which ALAN E. GLENN, J., joined. ROBERT H. MONTGOMERY, JR., J., filed a dissenting opinion.

Elashanti Dean, Memphis, TN, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Counsel; and Neal Pinkston, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

_Factual and Procedural Background_

Nearly seventeen years ago, Defendant was indicted by the Hamilton County Grand Jury for one count of aggravated robbery in case number 222434, alleged to have been committed on April 26, 1998. While Defendant was on bond for this aggravated

robbery, he was indicted for four more counts of aggravated robbery in case numbers 223277, 223280, 223283, and 223286, each alleged to have been committed on May 31, 1998. On December 16, 1998, Defendant pled guilty to all five counts of aggravated robbery. In case number 222434, Defendant was sentenced to serve eight years. Defendant was sentenced to serve ten years in the remaining four cases. The plea agreement reflects that the sentences were to be served concurrently, for a total effective sentence of ten years. However, the judgment forms are silent as to whether the sentences were to be served concurrently or consecutively to each other.

On August 20, 2014, Defendant—now an inmate at the Federal Correctional Institution in Memphis—filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. Defendant alleged that he was released on bond in case number 222434 at the time he committed the other four aggravated robberies and, therefore, his concurrent sentences are in direct contravention of Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C). Defendant alleged that the concurrent sentences were a material component of his plea agreement and that he should be entitled to withdraw his plea.

On September 24, 2014, the trial court dismissed the motion without a hearing. The trial court found that Defendant did not allege any illegality with respect to the sentence received in case number 222434. The trial court acknowledged the alleged illegality with respect to the other four cases—that concurrent sentences were agreed to when consecutive sentences were mandatory—but found that Defendant's sentences had expired. Defendant filed a timely notice of appeal.

*Analysis*

On appeal, Defendant argues that the trial court erred in summarily dismissing his motion to correct an illegal sentence pursuant to Rule 36.1. He asserts that because he made a colorable claim that his sentences were illegal, this case should be remanded to the trial court for the appointment of counsel and a hearing to determine whether the illegality was a material component of his guilty plea. While the State concedes that the appellant stated a colorable claim and is therefore entitled to counsel and to a hearing, we are not bound by such a concession. *See State v. Mitchell*, 137 S.W.3d 630, 639 (Tenn. Crim. App. 2003).

Rule 36.1 of the Tennessee Rules of Criminal Procedure became effective on July 1, 2013, providing an avenue to seek correction of an illegal sentence. In pertinent part, it provides:

> Either the defendant or the state may, at any time, seek the correction of an
> illegal sentence by filing a motion to correct an illegal sentence in the trial

court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute. . . .

Tenn. R. Crim. P. 36.1(a). The legislature also amended Tennessee Rule of Appellate Procedure 3(b) to provide both the State and defendant with an appeal as of right from "an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure."

Prior to the enactment of Rule 36.1, there were only "two distinct procedural avenues . . . available to collaterally attack a final judgment in a criminal case—habeas corpus and post-conviction petitions."[1] *Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). Even though the Tennessee Supreme Court first recognized the authority of a trial court to correct an illegal sentence in *State v. Burkhart*, 566 S.W.2d 871 (Tenn. 1978), it did not set out a procedure to do so. *See Cantrell v. Easterling*, 346 S.W.3d 445, 453 (Tenn. 2011). When the Tennessee Rules of Criminal Procedure were adopted the year after the *Burkhart* opinion, they also did not include a procedural mechanism to seek relief from an allegedly illegal sentence. *Id*. Defendants who filed motions to correct illegal sentences in the trial court had no right to a direct appeal of the denial of such motions. *Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005) (overruling *Cox v. State*, 53 S.W.3d 287, 294 (Tenn. Crim. App. 2001), which had approved of the direct appeal of motions to correct illegal sentences through the writ of certiorari). Therefore, the supreme court approved of habeas corpus as the correct procedural mechanism for addressing the correction of illegal sentences. *Cantrell*, 346 S.W.3d at 453 (citing *Moody*, 160 S.W.3d at 516).

Due to this historical development, all of the case law surrounding the authority of the trial court to correct an illegal sentence developed in the procedural context of habeas corpus. For example, it is from the habeas corpus context that we derive the principle that "[a] sentence is not illegal when it is 'statutorily available but ordinarily inapplicable to a given defendant'; rather, an illegal sentence is one that is 'simply unavailable under the Sentencing Act.'" *State v. John Talley*, No. E2014-01313-CCA-R3-CD, 2014 WL 7366257, at *2 (Tenn. Crim. App. Dec. 26, 2014), *no perm. app. filed* (quoting *Cantrell*, 346 S.W.3d at 454). Under the habeas corpus statutes, even though the trial court had the authority to correct an illegal sentence "at any time," the petitioner had to be "imprisoned or restrained of liberty." *See Summers v. State*, 212 S.W.3d 251, 256-57 (Tenn. 2007). The supreme court has noted that "[h]abeas corpus relief does not lie to address a

---

[1] Post-conviction petitions are used to challenge convictions or sentences that are either void or voidable because of the abridgment of constitutional rights, *see* T.C.A. § 40-30-103, whereas the writ of habeas corpus addresses judgments that are void because the "convicting court was without jurisdiction or authority to sentence a defendant, or . . . a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

conviction after the sentence on the conviction has been fully served," *id*., and that, "[u]se of the challenged judgment to enhance the sentence imposed on a separate conviction is not a restraint of liberty sufficient to permit a habeas corpus challenge to the original conviction long after the sentence on the original conviction has expired." *Benson v. State*, 153 S.W.3d 27, 31 (Tenn. 2004).

Throughout the caselaw, this limitation on the trial court's authority to correct an illegal sentence was expressed in terms of the habeas corpus statute's "imprisoned or restrained of liberty" language, which is not contained within Rule 36.1. *See* Tenn. R. Crim. P. 36.1(a) (providing that a petition may seek relief from an illegal sentence "at any time"). "On its face, Rule 36.1 does not limit the time within which a person seeking relief must file a motion, nor does it require the person seeking relief to be restrained of liberty." *State v. Donald Terrell*, No. W2014-00340-CCA-R3-CO, 2014 WL 6883706, at *2 (Tenn. Crim. App. Dec. 8, 2014), *no perm. app. filed*. However, several panels of this Court have found that a claim raised under Rule 36.1 may be rendered moot if the defendant has fully served the challenged sentence. *See State v. Philander Butler*, No. W2014-01366-CCA-R3-CO, 2015 WL 4240256, at *3 (Tenn. Crim App. July 14, 2015); *State v. Adrian R. Brown*, No. E2014-00673-CCA-R3-CD, 2014 WL 5483011, at *6 (Tenn. Crim. App. Oct. 29, 2014), *perm. app. granted* (Tenn. May 15, 2015); *see also John Talley*, 2014 WL 7366257, at *3 (noting that, on remand, if the proof established that the defendant's sentence had been fully served, "the controversy is moot"). As the *Adrian R. Brown* court explained:

> Mootness is a doctrine regarding the justiciability of a controversy. *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). A case is justiciable when it involves "a genuine and existing controversy requiring the present adjudication of present rights." *Id.* "A moot case is one that has lost its character as a present, live controversy. The central question in a mootness inquiry is whether changes in the circumstances existing at the beginning of the litigation have forestalled the need for meaningful relief." *Id.* (citations omitted). When the case may no longer provide relief to the prevailing party, it is considered moot. *Id.* The direct appeal of a sentence which has been served it in its entirety, for instance, presents a moot question. *See State v. Phelps*, 329 S.W.3d 436, 451 (Tenn. 2010); *State ex rel. Lewis v. State*, 208 Tenn. 534, 347 S.W.2d 47, 48-49 (Tenn. 1961). This is so even when the action alleges that the State acted beyond its jurisdiction. *See Summers*, 212 S.W.3d at 258; *Lewis*, 347 S.W.2d at 47.

*Id.* at *5 (also citing other jurisdictions that "have concluded that a challenge to the legality of a sentence becomes moot once the sentence has been served"). Other panels of this Court have expressly disagreed with this view. *See, e.g.*, *Marcus Deangelo Lee v.*

*State*, No. W2014-00994-CCA-R3-CO, 2015 WL 2330063, at *3 (Tenn. Crim. App. May 13, 2015), *no perm. app. filed* (citing *John Talley*, 2014 WL 7366257, at *3-4 (Woodall, P.J., concurring in results only)); *see also Philander Butler*, 2015 WL 4240256, at *3 (McMullen, J., dissenting). While we note this split in authority, it is not necessary to determine whether the mootness doctrine applies in this case because, in our view, Defendant has not met the threshold burden of raising a colorable claim.

Under Rule 36.1, a defendant is entitled to the appointment of counsel and a hearing "[i]f the motion states a colorable claim that the sentence is illegal." Tenn. R. Crim. P. 36.1(b). Because Rule 36.1 does not provide a definition for a "colorable claim," this Court has adopted the definition available for post-conviction proceedings: "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief. . . ." *State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014) (quoting Tenn. Sup. Ct. R. 28 § 2(H)), *perm. app. denied* (Tenn. Dec. 18, 2014). Unlike the habeas corpus procedures through which claims to correct illegal sentences had been previously brought, Rule 36.1 only requires a claimant to state a colorable claim and does not require proof on the face of the record from supporting documents. *George William Brady v. State*, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *6 (Tenn. Crim. App. Dec. 19, 2013) ("Under the liberal terms of Rule 36.1, the petitioner's raising a colorable claim would entitle him to the appointment of counsel and a hearing on his claim, even without any documentation from the underlying record to support his claim."), *perm. app. denied* (Tenn. May 28, 2014). However, when a petitioner attaches such documentation, neither the trial court nor this Court is precluded from considering such in determining whether he has presented a colorable claim. *See, e.g.*, *State v. James E. Kenner*, No. M2014-00613-CCA-R3-CD, 2015 WL 3533265, at *3 (Tenn. Crim. App. June 5, 2015), *no perm. app. filed*; *Kevin Daws v. State*, No. W2014-01002-CCA-R3-CO, 2015 WL 112787, at *2 (Tenn. Crim. App. Jan. 8, 2015), *no perm. app. filed*.

We agree that Tennessee Code Annotated section 40-20-111(b) and Tennessee Rule of Criminal Procedure 32(c)(3)(C) require that a sentence imposed for an offense committed while on bond run consecutively to the sentence for the offense for which the defendant was on bond. However, we note that the judgments of conviction in this case are silent as to whether the sentences are to be served consecutively to each other. Rule 32(c)(3) expressly provides that "the sentence *shall* be consecutive *whether the judgment explicitly so orders or not*" (emphasis added). Because the respective judgments are silent, then by rule the sentence in case numbers 223277, 223280, 223283, and 223286 would run consecutively to the sentence in case number 222434. *See Hogan v. Mills*, 168 S.W.3d 753, 756 (Tenn. 2005); *James E. Kenner*, 2015 WL 3533265, at *3; *Kevin Daws*, 2015 WL 112787, at *2; *contra State v. Kevin M. Thompson*, No. E2014-01358-CCA-R3-CD, 2015 WL 1548852, at *4 (Tenn. Crim. App. Apr. 1, 2015) (concluding that

defendant stated a colorable claim), *no perm. app. filed*. Therefore, Defendant has not made out a colorable claim that his sentences are illegal or in need of correction.

*Conclusion*

Because Defendant has not stated a colorable claim that his sentences are illegal, we affirm the trial court's dismissal of his Rule 36.1 motion to correct an illegal sentence.

_____
TIMOTHY L. EASTER, JUDGE