STATE OF TENNESSEE ex rel. RAYMOND LEWIS

*v.*

STATE OF TENNESSEE.

(*Knoxville,* September Term, (May Session) 1960.)

Opinion filed May 26, 1961.

GEARINGER, BANKS & HUTCHESON, Chattanooga, for plaintiff in error.

THOMAS E. FOX, Assistant Attorney General, for defendant in error.

JACK CHAMBLISS, Chattanooga, amicus curiae.

MR. JUSTICE BURNETT, delivered the opinion of the Court.

Lewis was arrested for public drunkenness on Sunday night, November 6, 1960. He was taken to the Hamilton County jail and there confined, after failing to make bond, this confinement being based on a warrant of arrest and a mittimus, each of which is signed by the Deputy Clerk of the Court pursuant to Section 18-410, T.C.A.

On the following day a petition for *habeas corpus* was filed on behalf of Lewis and upon proper orders Lewis was brought before the trial judge for hearing on this petition on November 9, 1960. The trial judge denied the petition. Subsequently, the grand jury returned a no true bill against him and he was consequently released. An appeal was seasonably prayed from the denial of the writ of *habeas corpus* on November 9th, but as stated above prior to the matter reaching this Court where it was set on the docket on May 1, 1961, Lewis had been released from custody by failure of the grand jury to return a true bill.

It is now earnestly sought by counsel representing Lewis, and this is in effect concurred in by the amicus curiae, that we, even though Lewis was free when the case reached this Court, determine whether or not Section 18-410, T.C.A., is constitutional or unconstitutional. This Section allows the Clerks of the General Sessions Courts to issue warrants and other processes, etc. The argument is made that it would be very salutary and of great State-wide effect if we would determine the right, because not only the basic rights of Lewis but of all other citizens of the State are affected by allowing Clerks of the General Sessions Courts to issue warrants, etc., under the Section above cited. It is further argued that fundamental rights of all citizens who might be thus arrested are affected.

At the bar of this Court it was suggested that since Lewis was no longer confined that any question with reference to *habeas corpus* which sought his release and sought incidentally a judicial interpretation of Section 18-410, T.C.A., had now become moot. Able briefs have been filed by all the parties, which as indicated above insist that we should determine the question and not dismiss it because Lewis' rights are now moot under the warrant issued by the Clerk from which he sought his freedom.

In 1 Am.Jur., Section 19, at page 417, the author of this work says:

"In general, the courts do not determine speculative and abstract questions of law, or lay down rules for the future conduct of individuals in their business and social relations; they are confined in their judicial action to real controversies wherein the legal rights of parties are necessarily involved and can be conclusively determined."

In other words, the practice followed by most all courts, if not all, is shown to be, unless there is in existence a legal right, that the courts will not determine the matter, because when the question involved in the action as originally brought is no longer in existence it has become moot. A very interesting discussion of the question with cases cited from all over the United States will be found in Vol. 1A of Corpus Juris Secundum, under the title Actions, beginning at Section 17, page 1012. Subsection c., under this Section, is a definition of what constitutes a moot case. The author says:

"A moot case is one in which there is no real controversy; a case which seeks to determine an abstract

question which does not rest on existing facts or rights."

The best statement of the question herein involved that we have found was made in *Southern Pac. Co. v. Eshelman,* as reported in D.C., 227 F. 928, 932. That court said:

"However convenient or desirable for either party that the questions mooted in the case be authoritatively settled for future guidance, the court is not justified in violating fundamental principles of judicial procedure to gratify that desire. To invoke the jurisdiction of a court of justice, it is primarily essential that there be involved a genuine and existing controversy, calling for present adjudication as involving present rights, and although the case may have originally presented such a controversy, if before decision it has, through act of the parties or other cause, lost that essential character, it is the duty of the court, upon the fact appearing, to dismiss it."

A number of authorities are therein cited, all of which are various and sundry United States Supreme Court decisions, including *State of Tennessee v. Condon,* 189 U.S. 64, 23 S.Ct. 579, 47 L.Ed. 790.

The above quoted statement of the court in that case is practically and to all intents and purposes a copy of a statement made in 2 Encyc.Sup.Ct.R., 289.

We in this State have consistently followed this principle. The courts of this State have no right to render an advisory opinion. They do so render advisory opinions in some States, but we do not. We have repeatedly held that where only the taxing of the costs is involved

and the major question has become moot that we will not consider the question. *State ex rel. Wilson v. Bush,* 141 Tenn. 229, 208 S.W. 607. Likewise we would not consider the question where nothing could be done but remove an nufaithful officer from public office, when his office has expired pending the appeal. *State ex rel Lavender v. Bingham,* 170 Tenn. 552, 98 S.W.2d 86; *State ex rel Phillips v. Greer,* 170 Tenn. 529, 98 S.W.2d 79. We have held likewise in various and sundry declaratory judgment suits where the question has become merely abstract and theoretical, such as *Hodges v. Hamblen County,* 152 Tenn. 395, 277 S.W. 901; *Nashville Trust Co. v. Dake,* 162 Tenn. 356, 36 S.W.2d 905; and in *United States Fidelity & Guaranty Co. v. Askew,* 183 Tenn. 209, 191 S.W.2d 533, this Court held again that a declaratory judgment case would not be considered when the question presented is abstract, theoretical or based on a contingency which may or may not arise. There are other illustrations of like holding of this Court under different situations.

In view of what has been said above, it becomes our duty to dismiss the appeal and tax all costs to the original plaintiff and sureties on the prosecution bond. Of course, dismissal of the suit herein is without prejudice to any of the rights of the parties and further proceedings in court.