# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

JAMES T. MORRIS,             )
                                )
      Plaintiff/Appellee,     )
                                )      Davidson Chancery
                                )      No. 95-3084-III
VS.                          )
                                )      Appeal No.
                                )      01A01-9605-CH-00247
THE BOARD OF EDUCATION   )
OF THE METROPOLITAN      )
NASHVILLE PUBLIC SCHOOLS,  )
                                )
      Defendant/Appellant.   )

**FILED**

**January 8, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

## DISSENTING OPINION

     The Metropolitan Nashville Board of Education and the teachers union are attempting to use this case as a vehicle to resolve whether Tenn. Code Ann. § 7-7-105 (Supp. 1996) permits the board to use administrative law judges in Tenn. Code Ann. § 49-5-512 (1996) hearings concerning the termination of tenured teachers. The court has decided to address this issue on its merits even though the teacher involved in this case is non-tenured and is not entitled to a hearing before the board. I cannot agree that we should decide this question at this time. It would be more appropriate to delay addressing the issue until we are presented with a concrete case or controversy.

     The doctrine of justiciability prompts the courts to stay their hand in cases that do not involve a genuine and existing controversy requiring the present adjudication of present rights. *State ex rel. Lewis v. State,* 208 Tenn. 534, 537, 347 S.W.2d 47, 48 (1961); *Dockery v. Dockery,* 559 S.W.2d 952, 954 (Tenn. Ct. App. 1977). In accordance with the doctrine, our courts routinely decline to render advisory opinions, *Super Flea Market of Chattanooga v. Olsen,* 677 S.W.2d 449, 451 (Tenn. 1984); *Parks v. Alexander,* 608 S.W.2d 881, 892 (Tenn. Ct. App. 1980), or to decide abstract legal questions. *State ex rel. Lewis v. State*, 208 Tenn. at 538, 347 S.W.2d at 48-49.

All the parties agree that Mr. Morris is an untenured teacher. The authority to terminate untenured teachers rests with the school superintendent rather than the board. *See* Tenn. Code Ann. § 49-2-301(f)(33) (1996). Thus, Mr. Morris does not have a statutory right to a hearing or appeal to the board from the superintendent's decision to terminate him. If Mr. Morris is not entitled to a Tenn. Code Ann. § 49-5-512 appeal, he is not the proper party to seek a declaratory judgment concerning the use of administrative law judges for Tenn. Code Ann. § 49-5-512 hearings.

The record demonstrates that the superintendent was unaware of his prerogative to terminate Mr. Morris and that he and his department mistakenly believed that Mr. Morris was entitled to a hearing before the board pursuant to Tenn. Code Ann. § 49-5-512. No collective bargaining agreement or other local rule or procedure requires or permits the board to review the superintendent's decision with regard to non-tenured personnel. Thus, the superintendent's mistake cannot vest the board with jurisdiction that it otherwise does not have.

I would vacate the judgment and remand the case with directions that it be dismissed.

_____
WILLIAM C. KOCH, JR., JUDGE