IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1997 SESSION

FILED

December 12, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 01C01-9609-CR-00414 |
| | ) | |
| | ) | Putnam County |
| v. | ) | |
| | ) | Honorable Leon Burns, Jr., Judge |
| | ) | |
| SCOTTY WRIGHT, | ) | (Sentencing) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

David Neal Brady
District Public Defender
    and
H. Marshall Judd
Assistant Public Defender
215 Reagan Street
Cookeville, TN 38501

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Janis L. Turner
Assistant Attorney General of Tennessee 215
450 James Robertson Parkway
Nashville, TN 37243-0493

William Edward Gibson
District Attorney General
        and
Lillie Ann Sells
Assistant District Attorney General
145 South Jefferson Avenue
Cookeville, TN 38501

OPINION FILED:_____

APPEAL DISMISSED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Scotty Wright, appeals as of right from the Putnam County Criminal Court relative to sentences imposed upon him for two offenses of the sale of over .5 grams of cocaine, Class B felonies. He received two eight-year concurrent sentences, with split confinement ordered by which he was to serve one year in jail with the balance suspended and then be placed on probation for eleven years. In this appeal, he complains about the one year of confinement that was imposed.

The issue in this case is moot. The judgments of conviction were entered August 13, 1996, and provided the defendant with one hundred five days pretrial jail credit as of August 12, 1996. The judgments state that the defendant was to be released from jail on April 29, 1997. The record reflects that the defendant remained in jail pending this appeal.

Thus, the defendant served his year in confinement by the end of April 1997, approximately one month after the appellee's brief was filed by the state. With the sole issue being whether the defendant should have been confined for a year, the matter is moot and the case should be dismissed. See State ex rel. Lewis v. State, 208 Tenn. 534, 537-38, 347 S.W.2d 47, 48 (1961); State v. Rogers, 703 S.W.2d 166, 169 (Tenn. Crim. App. 1985).

We note that there was no request for an expedited appeal process and decision in this case. See T.R.A.P. 2. Also, although the defendant filed a motion in May 1997 to dismiss his appeal, accompanied by his signed affidavit to that effect, neither the motion nor the affidavit provide any basis for the dismissal. That is, the motion simply states that the defendant "moves the court to dismiss his appeal." The

2

motion was denied in May 1997 for the failure of the defendant's affidavit to show that he had been advised of his appeal rights and expressly waived those rights. <u>See</u> Tenn. Ct. Crim. App. R. 11. No further action was taken by the parties.[1] Thus, this case remained on the active docket and was ultimately assigned to this panel.

In any event, we hold that this case should be dismissed for mootness with the costs taxed against the defendant.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
John H. Peay, Judge


_____
David H. Welles, Judge

---

[1] The appellate court clerk's file contains a copy of a letter dated April 15, 1997, from the defendant's counsel to the assistant attorney general assigned to this case noting that a motion and order to dismiss the appeal would be filed because the defendant had served his time and the issue on appeal was moot. Thus, although counsel for the parties were then aware that the appeal should be dismissed, no one notified this court. Counsel should not assume that sending to the clerk a copy of a letter addressed to opposing counsel will be brought to the attention of the court or that it is even proper for the court to take note of it as a matter of proof.