IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER 1998 SESSION



**FILED**

**December 11, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

WILLIAM JONES,                    )
                                  )        C.C.A. No. 01C01-9711-CR-00548
            Appellant,            )
                                  )        Davidson County
v.                                )
                                  )        Honorable J. Randall Wyatt, Jr., Judge
STATE OF TENNESSEE,               )
                                  )        (Habeas Corpus)
            Appellee.             )


FOR THE APPELLANT:                       FOR THE APPELLEE:

Gregory D. Smith                         John Knox Walkup
One Public Square                        Attorney General & Reporter
Suite 321                                425 Fifth Avenue, North
Clarksville, TN 37040                    Nashville, TN 37243-0493

                                         Kim R. Helper
                                         Assistant Attorney General
                                         425 Fifth Avenue, North
                                         Nashville, TN 37243-0493



OPINION FILED: _____


AFFIRMED


L. T. LAFFERTY, SENIOR JUDGE

# O P I N I O N

The appellant, William Jones, appeals as of right from the summary dismissal of his petition for a writ of habeas corpus by the Davidson County Criminal Court. The petitioner alleges in his petition that his sentence of thirty years is illegal and void in that the jury sentenced the appellant to confinement without the possibility of parole for the offense of kidnapping, not kidnapping for robbery. After a review of the entire record, the history of this petition, the briefs of all parties, and applicable law, we affirm the trial court's dismissal.

## HISTORY

This petition for habeas corpus relief reflects the appellant's ongoing battle with the State of Tennessee since 1978, when he was found guilty of simple robbery and kidnapping by a Haywood County jury. The jury imposed sentences of ten to fifteen years for simple robbery and thirty years for kidnapping, Tenn. Code Ann. § 39-2603, without the possibility of parole. On direct appeal, this Court affirmed the appellant's convictions. *William Jones v. State,* Haywood County No. 2 (Tenn. Crim. App., Jackson, April 26, 1979). In this case, one issue for appeal was the trial judge's refusal to charge the jury on the lesser offense of simple kidnapping, Tenn. Code Ann. § 39-2601. This Court stated: "The evidence was unrefuted that a kidnapping was committed in connection with Mrs. Curlin's robbery. It does not suggest that a simple kidnapping occurred. We find no error in the instructions." *Id.,* slip op. at 5. The record also reflects that the appellant is serving concurrent sentences of sixty-two years for his convictions in Shelby County of murder second degree and six offenses of robbery with a deadly weapon. These sentences were ordered to run concurrently with the Haywood County sentences for simple robbery and kidnapping.

The present petition was filed in July, 1992 in the Davidson County Criminal Court. In his complaint, the petitioner alleges that his sentence for kidnapping is void in that courts and juries did not have jurisdiction to exercise authority, control, or command over the Board of Paroles. Upon the state's motion to dismiss, the trial court dismissed the petition

2

for habeas corpus relief. This Court, in *William Jones v. State,* No. 01C01-9308-CR-00272 (Tenn. Crim. App., Nashville, July 14, 1995), affirmed the dismissal.[1] In its opinion, this Court stated:

> The petitioner alleges that his sentence for kidnapping is void because he claims that the courts and juries did not have jurisdiction to exercise authority or control or command over the Board of Paroles. We do not need to decide this, it was previously raised by the petitioner and decided by this Court. *State v. William Jones,* No. 02C01-9406-CC-00134 (Tenn. Crim. App., Jackson, March 22, 1995).

Upon remand, the state filed a motion to dismiss the petition for habeas corpus relief on the basis the petitioner's sentence had expired and he was no longer in custody for the offense of kidnapping. As part of its motion to dismiss, the state filed an affidavit of Faye Claud, Manager of Sentence Information Services, Tennessee Department of Correction. The affidavit stated the sentence of thirty years without parole imposed on May 1, 1978 for the offense of kidnapping in Haywood County Case No. 7099 had expired. In granting the state's motion to dismiss, the trial court held:

> [A]s a result of the expiration of the petitioner's kidnapping sentence, the Court is of the opinion that the issue remanded for determination is now moot, as the case no longer presents a live controversy for the Court to resolve and from which the petitioner can obtain relief. (citation omitted).

The trial court also noted that the petitioner's convictions out of Shelby County had not expired and the petitioner was still subject to confinement.

In his brief, the petitioner takes issue with the trial court's order in dismissing the petition in lieu of a remand hearing as ordered by the Supreme Court, citing *State v. Jefferson,* 938 S.W.2d 1, 21 (Tenn. Crim. App.), *per. app. denied* (Tenn. 1996); *State v. Pendergrass,* 795 S.W.2d 150, 155-56 (Tenn. Crim. App. 1989), *per. app. denied* (Tenn. 1990). We agree with the holdings in these two cases as to the duty of intermediate

---

[1] The Supreme Court granted the petitioner's application for permission to appeal. In *State v. Jones,* No. 01C01-9308-CR-00272 (Tenn., Nashville, February 12, 1996), the Supreme Court, in a per curiam order, remanded the cause "for a hearing to determine whether the petitioner was convicted of kidnapping or kidnapping for ransom so as to determine whether the sentence imposed was void."

appellate courts and trial courts in remand orders imposed by the Supreme Court. However, in this cause, we do not believe the trial court's failure to conduct a remand hearing would create chaos as urged by the petitioner.

Habeas corpus relief is available in Tennessee only "when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, **or that a defendant's sentence of imprisonment or other restraint has expired.**" *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993) (emphasis added). We believe the trial court was correct in dismissing the petition in this cause. Since the petitioner was no longer in custody for the offense of kidnapping, the question as to whether the conviction is void is moot. The Court of Appeals addressed a similar question in *McIntyre v. Traughber,* 884 S.W.2d 134, 137 (Tenn. App. 1994). That Court held "an appeal concerning the legality of a prisoner's incarceration becomes moot upon the prisoner's unconditional release," citing *State ex rel. Lewis v. State,* 208 Tenn. 534, 538, 347 S.W.2d 47, 49 (1961).

Tennessee courts recognize exceptions to the mootness rule. The two most common exceptions are: (1) issues of great public interest and importance to the administration of justice, and (2) issues capable of repetition yet evading review. We do not believe the petitioner's claim falls within these two exceptions. *McIntyre v. Traughber,* 884 S.W.2d at 137. We recognize that the petitioner has not been unconditionally released from custody due to his Shelby County convictions. The only issue remanded by the Tennessee Supreme Court was for the trial court to determine the nature of the petitioner's kidnapping conviction in order to determine if the petitioner was serving a proper sentence. Whatever sentence the petitioner was serving, that sentence has expired and there is no longer a justiciable issue to be determined.

In conclusion, we find the trial court was correct in dismissing the petition for habeas corpus relief and affirm the judgment.

4

_____
L. T. LAFFERTY, SENIOR JUDGE


CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
JOE G. RILEY, JUDGE