IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 2000 Session

## HOME BUILDERS ASSOCIATION OF MIDDLE TENNESSEE, ET AL. v. MAURY COUNTY, TENNESSEE, ET AL.

**Appeal from the Circuit Court for Maury County**
**No. 8595     Stella L. Hargrove, Judge**

---

**No. M1999-02383-COA-R3-CV - Filed August 31, 2000**

---

WILLIAM C. KOCH, JR., J., concurring.

I concur with Section III of the court's opinion. However, I decline to join in Section II because the plaintiffs in this case do not have standing to challenge the constitutionality of the Maury County Adequate Facilities Tax[1] on the ground that it interferes with a person's "natural right" to erect "shelter from the elements . . . upon his own real property."

Courts should decline to grant relief in cases that do not involve a genuine, existing controversy. *State ex rel Lewis v. State*, 208 Tenn. 534, 537, 347 S.W.2d 47, 48 (1961); *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). We routinely decline to render advisory opinions, *Super Flea Market of Chattanooga, Inc. v. Olsen*, 677 S.W.2d 449, 451 (Tenn. 1984); *Parks v. Alexander*, 608 S.W.2d 881, 892 (Tenn. Ct. App. 1980), or to decide abstract legal questions. *State ex rel. Lewis v. State*, 208 Tenn. at 538, 347 S.W.2d at 48-49; *Eyring v. East Tenn. Baptist Hosp.*, 950 S.W.2d 354, 359 (Tenn. Ct. App. 1997). Accordingly, the courts should refrain from deciding constitutional issues in the absence of an actual controversy requiring them to address the question. *West v. Carr*, 212 Tenn. 367, 382, 370 S.W.2d 469, 475 (1963).

In order to have an actual, live controversy, the parties must have a sufficiently personal stake in the resolution of the dispute to warrant the exercise of the court's power. *Metropolitan Air Research Testing Auth., Inc. v. Metropolitan Gov't*, 842 S.W.2d 611, 615 (Tenn. Ct. App. 1992); *Browning-Ferris Indus., Inc. v. City of Oak Ridge*, 644 S.W.2d 400, 402 (Tenn. Ct. App. 1982). Parties may establish that they have a personal stake in a dispute by demonstrating that they have sustained some actual or threatened injury to one of their rights, that the injury was caused by the challenged conduct, and that the injury is one for which a judicial remedy of some sort is available. *In re Petition of Youngblood*, 895 S.W.2d 322, 326 (Tenn. 1995); *Tennessee Envtl. Council v. Solid Waste Disposal Control Bd.*, 852 S.W.2d 893, 896 (Tenn. Ct. App. 1992).

---

[1] Act of May 30, 1991, ch. 118, 1991 Tenn. Priv. Acts 315.

The primary focus of a standing inquiry is on the party seeking relief and on the nature of the party's claims. *Allen v. Wright*, 468 U.S. 737, 752, 104 S. Ct. 3315, 3325 (1984); *Fifteenth Judicial Dist. Unified Bar Ass'n v. Glasgow*, No. M1996-00020-COA-R3-CV, 1999 WL 1128847, at *2 (Tenn. Ct. App. Dec. 10, 1999) (No Tenn. R. App. P. 11 application filed). While we do not inquire into the likelihood that the claim will succeed, we examine the substance of the claim to determine whether the plaintiff has articulated an injury-in-fact.

The plaintiffs in this case are two real estate developers and a contractors' trade association. Their constitutional challenge to the Maury County Adequate Facilities Tax is based solely on their assertion that the improvement of property and the erection of shelter by a property owner on his or her own property is a "natural right" that cannot be taxed as a privilege. Assuming for the sake of argument that this Whitman-esque claim has some substance, the plaintiffs have not, and when questioned during oral argument could not, demonstrate any direct connection between their business activities and the right they assert. Plainly stated, they are in the business of building houses for resale at a profit; they are not building shelter for themselves on their own property. The lack of connection between the plaintiffs' activities and the asserted constitutional interest deprive them of standing.

It might also be argued that even though the contractors and their trade association have not asserted a right which they themselves possess, they should be permitted to assert the rights of third persons who do possess the right. This argument likewise has no merit. They cannot base their standing on the rights of third parties because they have suffered no direct constitutional injury-in-fact. *Craig v. Boren*, 429 U.S. 190, 195, 97 S. Ct. 451, 455-56 (1976). In addition, the trade association cannot demonstrate that its members have standing to sue in their own right. *Curve Elementary Sch. Parent & Teacher's Org. v. Lauderdale County Sch. Bd.*, 608 S.W.2d 855, 858 (Tenn. Ct. App. 1980).

Because of the plaintiffs' lack of standing, I would decline to address the substance of their claim that home construction is a natural right that cannot be taxed as a privilege. However, I concur completely with the analysis in Section III of the court's opinion concluding that the Maury County Adequate Facilities Tax is not an impact fee.

_____
WILLIAM C. KOCH, JR., JUDGE