IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 11, 2001

## STATE OF TENNESSEE v. KEVIN JERMAINE MORRIS

**Direct Appeal from the Circuit Court for Madison County**
**No. 95-738     Roy B. Morgan, Jr., Judge**

--------

**No. W2000-02166-CCA-R3-CD  - Filed August 13, 2001**

--------

DAVID G. HAYES, J., separate concurring.

This appeal comes to us after multiple hearings in the trial court, and again in our court, on the issue of whether the Appellant's term of probation had expired at the time the alleged probation violations occurred. This issue, which has consumed considerable time of both courts, could have been resolved in less than one minute, if the State's probation officer would have checked with her office and obtained this readily available information on-line. This check would have confirmed that the Appellant's two-year sentence expired before the record in this case was filed on appeal. Because the Appellant completed this sentence on October 17, 2000, the issue of whether continued confinement is warranted based upon violations of conditions of probation is now moot and the appeal should be dismissed. See State v. Edward Shane Rust, No. 01C01-9707-CC-00258 (Tenn. Crim. App. at Nashville, July 1, 1998); see also State of Tennessee ex rel. Raymond Lewis v. State, 347 S.W.2d 47 (Tenn. 1961).

Notwithstanding mootness, I am constrained to note the numerous deficiencies presented by the record, which come perilously close to requiring reversal, regarding fundamental due process protections. First, the record indicates that the Appellant pled guilty and was sentenced to "Post-Plea Expungement." There is no such sentence authorized under our sentencing laws. Expungement is available only within a grant of pre-trial or judicial diversion; however, under our judicial diversion statute, no guilty plea is entered as the proceedings are deferred for a period of time not to exceed the maximum sentence for the indicted offense. Tenn. Code Ann. § 40-35-313 9a)(1). In this case, the sentence was imposed immediately following entry of the guilty plea and the Appellant was ordered to "abide by the provisions of probation" for a period of two years. The "Order of Deferred Probation and Post-Plea Expungement," following the Appellant's guilty plea, was entered on June 3, 1996, and the Appellant was "removed from deferred probation" on May 18, 1999.

Second, no probation violation warrant is included in the record; apparently because no warrant was ever issued. The trial court's order reflects that the probation violation was heard upon

"petition of the State," although no petition is in the record nor is there any evidence that the probationer received notice of the petition or of the alleged violations. In this case, the probationer was placed on state probation following release from "boot camp" under the provisions of Tenn. Code Ann. § 40-26-206. Accordingly, violation of probation was required to be initiated by the issuance of a probation violation warrant by the trial judge, as provided by Tenn. Code Ann. § 40-35-311(a).

Following release from the Department of Correction Boot Camp Program or from a determinate two-year or less TDOC sentence, the inmate is returned to probation supervision by the original sentencing judge "under terms and conditions established by the department [of correction]." Tenn. Code Ann. § 40-35-501(a)(2)(3)(4). Due process requires that the probationer be advised of these specific "terms and conditions" of his or her probation and that upon an alleged violation of these conditions, he or she receives notice of the claimed violations. Moreover, a certificate of probation eligibility is provided to the supervising probation officer which establishes the period and expiration date of probation. Neither these documents nor this relevant information was filed in this case.

For further instructional purposes, I note that in Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S. Ct. 1756, 1761 (1973), the United States Supreme Court set forth the elements needed to establish the "minimum requirements of due process" in a revocation of probation hearing:

(a) written notice of the claimed violation of [probation or] parole;
(b) disclosure to the [probationer or] parolee of evidence against him;
(c) opportunity to be heard in person and to present witnesses and documentary evidence;
(d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);
(e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and
(f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.

(emphasis added). See also Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593 (1972); State v. Wade, 863 S.W.2d 406, 408 (Tenn. 1993).

With these reasons addressed, I concur in the results reached by the majority.

_____
DAVID G. HAYES, JUDGE