IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 13, 2015

**STATE OF TENNESSEE v. JONATHAN T. DEAL**

**Appeal from the Criminal Court for Polk County**
**No. 03-075     Andrew M. Freiberg, Judge**

_____

**No. E2015-00342-CCA-R3-CD – Filed November 13, 2015**

_____

The defendant, Jonathan T. Deal, appeals the dismissal of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct his illegal sentence.  In this appeal, the defendant asserts that the trial court erred by declaring his motion moot because his sentence had been served and had expired and that the court erred by concluding that the illegal sentence alignment was not a bargained-for element of his plea agreement.  Because, under the circumstances of this case, Rule 36.1 cannot avail the defendant of meaningful relief, we affirm the judgment of the trial court declaring the motion moot.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., joined.  TIMOTHY L. EASTER, J., filed a separate concurring opinion.

Richard Hughes, District Public Defender; and Larry D. Wright, Assistant District Public Defender, for the appellant, Jonathan T. Deal.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Stephen Crump, District Attorney General; and Drew Robinson, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 2004, the defendant pleaded guilty to two counts of aggravated assault and received concurrent sentences of four years to be served on probation, with credit for the time already served.[1]  In September 2013, the defendant challenged the concurrent

---

[1] The parties have consistently referred to the defendant's two convictions of aggravated assault during the proceedings related to the Rule 36.1 motion.  The transcript of the defendant's guilty plea submission hearing, which was exhibited to the record upon the trial court's request, appears to indicates that the

alignment of the sentences via Tennessee Rule of Criminal Procedure 36.1, arguing that, because he was on bail for the first assault when he committed the second assault, consecutive alignment was required by law. The trial court summarily dismissed the petition. On appeal, this court concluded that the defendant had stated a colorable claim for relief under Rule 36.1 and remanded the case for proceedings consistent with the rule. *See State v. Jonathan T. Deal*, No. E2013-02623-CCA-R3-CD, slip op. 3-4 (Tenn. Crim. App., Knoxville, June 17, 2014).

Upon remand, the trial court appointed counsel and held a hearing on the defendant's motion on December 15, 2014.

At the hearing, the defendant testified that he was, at that time, serving a federal sentence that was set to expire in November 2015. He said that, prior to entering his pleas in 2004, his counsel communicated to him that "the State was offering . . . two four year sentences to run concurrent." He accepted the offer and received an effective sentence of four years' probation. He said that he violated the terms of his probation by incurring the federal gun charge that resulted in his federal sentence, and the trial court revoked his probation and ordered that he serve the remainder of his state sentence concurrently with his federal sentence. The defendant received notice in 2008 that his effective State sentence had expired. The defendant said that he considered the concurrent sentence alignment "a material component" of his plea agreement because he "never would have pled guilty" to "twice as much time." He said, however, that if the State had made an offer of consecutive four-year sentences "on probation, maybe [he] would have pled guilty." The defendant did not know whether his guilty pleas had affected the length of his federal sentence.

The defendant said that, given the imminent expiration of his federal sentence, he did not intend to seek federal resentencing should the convictions under attack be set aside. He testified that he "just want[ed] to correct [his] sentence." He asked that the court vacate one of the convictions to render the four years he had already served "a legal sentence." He stated that he would like to have one of the convictions removed to make it easier for him to find employment when he was released from federal prison. The defendant candidly acknowledged that he did not want to withdraw his plea.

The State noted that the defendant had received the benefit of his bargain and that the illegal, four-year sentence had been "flattened."

The court acknowledged the defendant's testimony, but, noting that the defendant had received a suspended sentence, the court expressed doubt about the

---

defendant agreed to plead guilty to three counts of aggravated assault. Only two judgments are included in the record, and it appears that the defendant challenges only two convictions.

credulity of the defendant's claim that he would not have pleaded guilty but for the concurrent alignment of the sentences. The court also expressed frustration at the terms of Rule 36.1, observing that the defendant's sentence was clearly illegal but also clearly expired.

In its written order dismissing the defendant's motion, the trial court concluded that "these matters are moot and non-justiciable" because "the sentences imposed have long since expired, stripping this [c]ourt of any ability to provide any meaningful relief." The court also concluded that the illegal sentence alignment was not "a material component of the plea agreement." Finally, the court, observing that "apply[ing] Tenn. R. Crim. P. 36.1 to its full extent by amending the terms of the plea agreement" would result in a lengthier sentence, found "dismissal to be the most just outcome."

This case, perhaps more than any other, highlights the difficulty caused by the broad wording of Rule 36.1. Tennessee Rule of Criminal Procedure 36.1, which became effective on July 1, 2013, provides the defendant and the State an avenue to "seek the correction of an illegal sentence" by filing a motion in the trial court "at any time" following the conviction. Tenn. R. Crim. P. 36.1(a). Although other panels of this court have declared that a person whose sentence has expired may not prosecute a Rule 36.1 motion, *see, e.g.*, *State v. John Talley*, No. E2014-01313-CCA-R3-CD (Tenn. Crim. App., Knoxville, Dec. 26, 2014); *State v. Adrian R. Brown*, No. E2014-00673-CCA-R3-CD (Tenn. Crim. App., Knoxville, Oct. 29, 2014), we conclude, as have other panels of this court, *see State v. Anthony Todd Ghormley*, No. E2014-00736-CCA-R3-CD (Tenn. Crim. App., Knoxville, Sept. 21, 2015) ("Until such time as Rule 36.1 is amended or our supreme court interprets the Rule differently, the plain language of the Rule forecloses a conclusion that a claim of an illegal sentence is moot because the sentence has expired."); *see also, e.g.*, *State v. Nickelle N. Jackson*, No. W2014-02445-CCA-R3-CD (Tenn. Crim. App., Jackson, July 14, 2015); *State v. Kevin M. Thompson a.k.a. Kevin M. Albert*, No. E2014-01358-CCA-R3-CD (Tenn. Crim. App., Knoxville, Apr. 1, 2015); *State v. Sean Blake*, No. W2014-00856-CCA-R3-CO (Tenn. Crim. App., Jackson, Jan. 8, 2015); *State v. Jerome Wall*, No. W2014-00782-CCA-R3-CO (Tenn. Crim. App., Jackson, Dec. 23, 2014), that the plain language of the rule does not allow for this interpretation, *see Seiber v. Reeves Logging*, 284 S.W.3d 294, 301 (Tenn. 2009) ("[S]tatutes whose terms are plain and unambiguous require no construction and should be enforced according to their plain terms."). The rule states that a motion may be filed "at any time." *Id.* Other avenues of collateral attack such as a petition for writ of habeas corpus, a petition for writ of error coram nobis, and a petition for post-conviction relief are all subject to temporal filing limitations. *See* T.C.A. § 29-21-101 (stating that petition for writ of habeas corpus may only be filed while one is "imprisoned or restrained of liberty"); *Id.* § 27-7-103 (setting one-year statute of limitations for filing petition for writ of error coram nobis); *Id.* § 40-

30-102(a) (setting one-year statute of limitations for filing of petition for post-conviction relief and stating that petition may only be filed while one is "in custody"). Rule 36.1 contains no such limitation. Consequently, we do not agree that an illegal sentence claim prosecuted via Rule 36.1 may be dismissed *solely* because the sentence has been served and has expired.

That being said, we can fathom a situation when, because meaningful, effective relief is not available to the defendant, the imposition of an illegal sentence no longer presents a justiciable claim. To properly frame a discussion of justiciability in the context of Rule 36.1, we must first consider the remedies available under the rule. Regarding remedies, Rule 36.1 provides:

> (1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

> (2) If the court determines that the sentence is an illegal sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, *see* Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

> (3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

> (4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

-4-

Tenn. R. Crim. P. 36.1(c). Thus, when the court determines that a sentence is illegal, the court essentially has two options: (1) if the sentence was entered pursuant to a plea agreement, and the illegal provision was a bargained-for element of the agreement, then the court must allow the defendant to withdraw his plea and, if the defendant withdraws the plea, reinstate the original charge against the defendant, or (2) if the sentence was not entered pursuant to a plea agreement or the defendant who received an illegal sentence as a bargained-for element of his plea agreement does not wish to withdraw the plea, then the court must enter an amended judgment document reflecting the correct sentence.

That said, "[t]he doctrine of justiciability prompts courts to stay their hand in cases that do not involve a genuine and existing controversy requiring the present adjudication of present rights." *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994) (citing *State ex rel. Lewis v. State*, 347 S.W.2d 47, 48 (Tenn. 1961); *Dockery v. Dockery*, 559 S.W.2d 952, 954 (Tenn. Ct. App. 1977)). "A moot case is one that has lost its justiciability either by court decision, acts of the parties, or some other reason occurring after commencement of the case." *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cnty.*, 301 S.W.3d 196, 204 (Tenn. 2009). "A case will be considered moot if it no longer serves as a means to provide some sort of judicial relief to the prevailing party." *Id.*; *see also McIntyre*, 884 S.W.2d at 137.

In this case, the defendant testified that the concurrent alignment of the four-year sentences, which is clearly illegal, was a bargained-for element of his plea agreement with the State. The defendant also unequivocally stated, however, that he did not want to withdraw his plea. Instead, he wanted the trial court to vacate and dismiss one of his convictions as a means to "correct" the illegal sentence. That relief is not available under Rule 36.1, which does not provide for the vacating of a conviction unless a guilty-pleading defendant wishes to withdraw his plea. *See* Tenn. R. Crim. P. 36.1(c)(3). In addition, the trial court found that the concurrent sentence alignment was not a bargained-for element of the defendant's plea. In consequence, the only remedy available in this case was the entry of a corrected judgment form. *Id.* A corrected judgment form would provide for consecutive service of the four-year sentence imposed for the second aggravated assault conviction. As the record demonstrates, however, the defendant has already been credited with service of that sentence, and he has already served sufficient time to fulfill an eight-year sentence. Moreover, the defendant testified that he was not sure whether the illegal state sentence unfavorably impacted his federal sentence, that he did not wish to seek federal resentencing based upon any relief granted in this case, and that his federal sentence would be "flattened" in November 2015.[2] *Cf. Norma Faye Pyles Lynch Family Purpose LLC*, 301 S.W.3d at 204 (including among

---

[2] As indicated, the defendant wanted one of the convictions vacated and dismissed, which, he said, might shorten his federal sentence. That relief is not available under Rule 36.1.

-5-

"several circumstances that provide a basis for not invoking the mootness doctrine" the circumstance "when the primary subject of the dispute has become moot but collateral consequences to one of the parties remain"). Under these circumstances, Rule 36.1 cannot provide the defendant "with any relief greater than the release he has already obtained by serving his entire sentence." *McIntyre*, 884 S.W.2d at 138.

It would be possible, we suppose, for the trial court to enter a corrected judgment form reflecting consecutive sentence alignment and to provide that the defendant, who has been continually incarcerated since violating his probation by committing a federal offense, served the entirety of the resulting eight-year sentence while incarcerated in federal prison. The entry of a corrected judgment form under those circumstances would not, however, avail the defendant of "'any effectual relief whatever.'" *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992); *see McIntyre*, 884 S.W.2d at 137 ("The central question in a mootness inquiry is whether changes in the circumstances existing at the beginning of the litigation have forestalled the need for meaningful relief."). Accordingly, we deem it prudent, under the circumstances presented in this case, to stay our hand and apply the mootness doctrine.

Because Rule 36.1 does not provide for any meaningful relief for the defendant, we affirm the judgment of the trial court denying the defendant's motion.

_____
JAMES CURWOOD WITT, JR., JUDGE