IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
February 8, 2017 Session

**STATE OF TENNESSEE v. SUSAN JO WALLS**

**Appeal by Permission from the Court of Criminal Appeals**
**Circuit Court for Bedford County**
**No. 17626     Forest A. Durard, Jr., Judge**

_____

**No. M2014-01972-SC-R11-CD**

_____

SHARON G. LEE, J., concurring in result only.

I concur only in the result in this case. The defendant is not entitled to a new trial based on waiver and the absence of plain error. The majority errs by proceeding further and establishing the appellate standard of review regarding late-night court proceedings. By addressing the appellate standard of review under the guise of a plain error analysis, the majority overreaches and violates longstanding, conservative prohibitions on issuing advisory opinions.

The majority should have ended its analysis once it determined the defendant was not entitled to a new trial. Instead, it forged ahead to establish the appellate standard of review for late-night proceedings—an issue that was not necessary for the resolution of the case. By addressing this issue, the majority violated the established rule that courts are not to render advisory opinions or decide abstract legal questions. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 192 (Tenn. 2000) (citing *Super Flea Mkt. of Chattanooga, Inc. v. Olsen*, 677 S.W.2d 449, 451 (Tenn. 1984); *State ex rel. Lewis v. State*, 347 S.W.2d 47, 49 (Tenn. 1961)).

"The courts of this State have no right to render an advisory opinion." *Lewis*, 347 S.W.2d at 48. Tennessee's courts have long recognized and followed self-imposed principles of judicial restraint, commonly referred to as justiciability doctrines. *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cnty.*, 301 S.W.3d 196, 202 (Tenn. 2009); *see also State v. Wilson*, 70 Tenn. 204, 210 (1879) (holding that the court's role is to decide, not advise, and to settle rights, not give abstract opinions).

Tennessee's justiciability doctrines, including the prohibition on advisory opinions, are rooted in our understanding of the judiciary's role and our respect for the the separation of powers doctrine in the Tennessee Constitution. Tennessee's

justiciability doctrines mirror the justiciability doctrines relied on by the United States Supreme Court and federal courts. *Norma Faye Pyles Lynch Family Purpose LLC*, 301 S.W.3d at 202–03 (citing 13 Charles Alan Wright et al., *Federal Practice and Procedure* § 3529 (3d ed. 2008); Barbara Kritchevsky, *Justiciability in Tennessee, Part One: Principles and Limits*, 15 Mem. St. U. L. Rev. 1, 3 n.5 (1984)). *See generally* Erwin Chemerinsky, *Federal Jurisdiction*, §§ 2.1–2.6 (7th ed. 2016) (summarizing federal justiciability doctrines). We may only decide justiciable issues—issues that are definite and concrete, involving the legal relationship between parties with adverse legal interests. *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240–41 (1937).

The justiciability doctrines dictate exercising judicial restraint, that "[w]hat we say in an opinion should be confined to, and limited by, the facts of the case under consideration and *the questions necessary for a decision of that case*." *Staten v. State*, 232 S.W.2d 18, 19 (Tenn. 1950) (emphasis added). A court overreaches by going beyond the point necessary for a decision in a pending case. *Id.*; *see also Church of God in Christ, Inc. v. L. M. Haley Ministries, Inc.*, No. W2015-00509-SC-R11-CV, 2017 WL 4183065, at *18 n.18 (Tenn. Sept. 21, 2017) (Clark, J.) (finding appeal in prior case nonjusticiable for presenting purely theoretical legal questions based on hypothetical facts); *West v. Schofield*, 460 S.W.3d 113, 131–32 (Tenn. 2015) (Bivins, J.) (ruling that condemned prisoner's constitutional challenge of execution protocols was "speculative" and did "not present a justiciable controversy"); *Teal v. Criminal Court of Shelby Cnty., Tenn.*, No. W2011-02126-CCA-R3-CO, 2012 WL 2131108, at *2 (Tenn. Crim. App. June 13, 2012) (Page, J.) ("The doctrine of justiciability prompts courts to stay their hand in cases that do not involve a genuine and existing controversy requiring the present adjudication of present rights."); *Mohammad v. Meri*, No. W2011-01593-COA-R3-CV, 2012 WL 1657096, at *5 (Tenn. Ct. App. May 11, 2012) (Kirby, J.) ("It is well-settled that the role of the Court is to adjudicate and resolve legal rights, not to give abstract or advisory opinions.").

The majority's analysis of the appellate standard of review, being advisory, is dicta. It is, therefore, not binding authority or precedent within the rule of stare decisis. *Staten*, 232 S.W.2d at 19 (citing 21 C.J.S. *Courts* § 190). No matter how "convenient or desirable for either party that the questions . . . be authoritatively settled for future guidance, the court is not justified in violating fundamental principles of judicial procedure to gratify that desire." *Lewis*, 347 S.W.2d at 48 (quoting *S. Pac. Co. v. Eshelman*, 227 F. 928, 932 (N.D. Cal. 1914)).

For these reasons, I concur only in the result reached in this case.

_____
SHARON G. LEE, JUSTICE

2