# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### January 19, 2021 Session

## SHELBY COUNTY BOARD OF EDUCATION ET AL. v. TENNESSEE SECONDARY SCHOOL ATHLETIC ASSOCIATION

### Appeal from the Chancery Court for Shelby County
### No. CH-17-1695-II  Jim Kyle, Chancellor

---

### No. W2020-00099-COA-R3-CV

---

In this appeal, we conclude that the original legal controversy was extinguished as moot prior to the trial court's entry of judgment. As such, we vacate the trial court's order as advisory and dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

KENNY ARMSTRONG, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

Richard L. Colbert and John J. Griffin, Jr., Nashville, Tennessee, for the appellant, Tennessee Secondary School Athletic Association.

Andre B. Mathis and Marguerite M. Stringer, Memphis, Tennessee, for the appellees, Shelby County Board of Education, and Dr. Marilyn Hilliard.

Robert L.J. Spence, Jr. and Jerrick D. Murrell, Memphis, Tennessee, for the appellees, Pamela Boyce, Ryan Boyce, and Donzaleigh Artis.

### MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

# I. Background

The Tennessee State Board of Education delegated its responsibility for regulating interscholastic athletic competition to the Tennessee Secondary School Athletic Association ("TSSAA" or "Appellant"). TSSAA is a not-for-profit voluntary association of 430 private and public Tennessee schools ("member schools"). It implements its responsibilities in accordance with the standards established by its member schools. The member schools elect representatives to the TSSAA Legislative Council, and the representatives write the Association bylaws. TSSAA Executive Director, Bernard Childress, enforces the bylaws, and his decisions are subject to review by the TSSAA Board of Control. Schools in Tennessee are not required to join TSSAA, and membership is by annual contract.

Pamela Boyce is the mother of Ryan Boyce, and Donzaleigh Artis (together with Pamela and Ryan Boyce, "Appellees") is the mother of James Wiseman (together with Ryan Boyce, the "Students"). The Students are very talented basketball players. During the summer of 2017, the Students participated in an American Athletic Union ("AAU") basketball team in the Nike Elite Youth Basketball League. The team is named "Team Penny" after legendary professional basketball player, Anfernee "Penny" Hardaway. One of the disputed issues in this case is whether Mr. Hardaway coached and/or sponsored Team Penny. It is undisputed that Mr. Hardaway coached the East High School ("East") boys' basketball team in Memphis during all relevant times. East is a member of TSSAA.

In April 2017, Mr. Boyce withdrew from Houston High School ("Houston") in Germantown, Tennessee and enrolled in East. On April 19, 2017, Mr. Childress wrote to Appellee Dr. Marilyn Hilliard, the principal of East, concerning the transfer of three basketball players, including Mr. Boyce, from Houston to East. Specifically, Mr. Childress explained that all three students played on Team Penny, which Mr. Childress alleged Mr. Hardaway sponsored. According to Mr. Childress, because Mr. Hardaway both sponsored Team Penny and coached the East boys' basketball team, there was an "athletic coaching link," discussed *infra*, between the students and Mr. Hardaway that rendered the students ineligible to participate in basketball at East for one year. Mr. Childress' letter went unanswered. In August 2017, Mr. Wiseman moved from Nashville to Memphis and also enrolled in East.

On November 8, 2017, the Shelby County Board of Education ("SCBE," and together with Dr. Hilliard, the "SCBE Appellees") requested TSSAA to determine whether the Students were eligible to participate in basketball for East during the upcoming 2017-2018 season. On November 15, 2017, Mr. Childress concluded that the Students were ineligible under Article II, Section 13(e) of TSSAA's bylaws, which states, in pertinent part:

> If a student with an athletic record transfers to a new school where an

"athletic coaching link" existed in the past 12 months, that student is ineligible for 12 months past their first date of enrollment at the new school at all levels in the specific sports where a linkage was present. Links may include (1) attendance at an individual camp (and then transferring); (2) playing on non-school (independent) teams (and then transferring to that coach's school); (3) transferring into a school where a former coach has been hired; and (4) transferring to a school where a former or current personal trainer or strength and conditioning coach is employed.

In the correspondence denying the eligibility request, Mr. Childress did not specify exactly how the "athletic coaching link" rule applied in this case. On November 16, 2017, SCBE appealed Mr. Childress' determinations to the TSSAA Board of Control. On November 17, 2017, Mr. Childress wrote to Dr. Hilliard that the Board of Control had denied both appeals. Again, TSSAA did not specify its reasons for the denials.

On November 21, 2017, SCBE filed a verified petition for temporary restraining order, temporary injunction, and permanent injunction against TSSAA in the Shelby County Chancery Court (the "trial court"). By its complaint, SCBE asked the trial court to enjoin TSSAA from denying the Students permission to participate on the East boys' basketball team during the 2017-2018 season. As grounds, SCBE alleged that: (1) TSSAA is a "governing body" as defined by the Tennessee Open Meetings Act (the "Open Meetings Act"); (2) TSSAA is subject to the requirements of the Open Meetings Act; (3) because TSSAA failed to act in accordance with the Open Meetings Act, its decisions concerning the Students should be nullified; (4) TSSAA's determination that the Students were ineligible due to the "athletic coaching link" rule was factually incorrect; (5) TSSAA's definition of "athletic coaching link" is vague and overbroad; (6) TSSAA acted in an arbitrary and capricious manner when it found the Students ineligible to participate in basketball at East; and (7) TSSAA denied SCBE and the Students their substantive and procedural due process rights.

On November 22, 2017, TSSAA filed a motion to dismiss SCBE's petition on the grounds that the trial court did not have jurisdiction to interfere with TSSAA's eligibility determinations and for failure to state a claim upon which relief could be granted. On November 29, 2017, the trial court issued a temporary restraining order prohibiting TSSAA from denying the Students' participation on the East boys' basketball team or otherwise enforcing the "athletic coaching link" rule with regard to the Students.

On December 7, 2017, SCBE filed an amended petition for temporary restraining order, temporary injunction, and permanent injunction, which added Dr. Hilliard as a petitioner. On December 12, 2017, TSSAA filed a motion to dismiss the amended petition. That same day, Appellees filed a motion to intervene. On December 13, 2017, the trial court heard all pending matters and: (1) issued a temporary injunction allowing the Students to participate on the East boys' basketball team, pending a final hearing on the

merits; (2) denied TSSAA's motion to dismiss; and (3) granted Appellees' motion to intervene.

On December 20, 2017, Appellees filed an intervening complaint asking the trial court to declare that the Students were eligible for the 2017-2018 East basketball season. As grounds, Appellees alleged that: (1) no "athletic coaching link" existed between the Students and Mr. Hardaway; (2) TSSAA's "athletic coaching link" rule is vague and overbroad; (3) TSSAA's action in denying the Students' appeals was arbitrary and capricious; (4) TSSAA violated the Students' procedural and substantive due process rights; (5) the Open Meetings Act applies to TSSAA; and (6) TSSAA violated the Open Meetings Act when the Board of Control met and deliberated in private concerning the Students' appeals. The complaint also requested that the trial court issue a *writ of certiorari*. On January 9, 2018, Appellees filed an amended intervening complaint. On January 22, 2018, the SCBE Appellees filed a second amended petition for temporary restraining order, temporary injunction, and permanent injunction.

On September 27, 2018, the SCBE Appellees filed a motion for summary judgment arguing that: (1) the Open Meetings Act applies to TSSAA; (2) TSSAA violated the Open Meetings Act; (3) TSSAA violated SCBE's procedural and substantive due process rights; and (4) TSSAA's denial of the Students' eligibility was arbitrary. On May 8, 2019, TSSAA filed answers to Appellees' amended intervening complaint and the SCBE Appellees' second amended petition. TSSAA also filed a cross motion for summary judgment, arguing that: (1) the trial court lacked subject matter jurisdiction to interfere with TSSAA's eligibility decisions; (2) SCBE lacked standing to represent the Students' interests; (3) East's membership contract with TSSAA barred the SCBE Appellees' claims; (4) the SCBE Appellees were not entitled to substantive or procedural due process; (5) even if the SCBE Appellees were entitled to substantive or procedural due process, they were not deprived of either; (6) neither TSSAA's eligibility rule nor its eligibility decisions were arbitrary; (7) TSSAA is not subject to the Open Meetings Act; (8) TSSAA's decisions are not subject to review by *writ of certiorari*; (9) the Students have no constitutionally protected liberty or property interest in playing high school basketball at the school of their choice; and (10) the Students' interest in playing high school basketball at the school of their choice is not protected by substantive due process. On June 13, 2019, TSSAA filed its response to the SCBE Appellees' motion for summary judgment. The next day, the SCBE Appellees filed their response to TSSAA's motion for summary judgment. On June 18, 2019, Appellees filed a notice of joinder in the SCBE Appellees' motion for summary judgment.

On June 24, 2019, the trial court heard arguments on the competing motions for summary judgment. By order of October 3, 2019, the trial court held that: (1) it lacked jurisdiction to overturn TSSAA's eligibility decisions; (2) TSSAA's decisions to declare the Students ineligible did not involve the Students' individual property rights; (3) the "athletic coaching link" rule is not unfair, unjust, vague, or overbroad; (4) TSSAA correctly

applied the "athletic coaching link" rule because Mr. Hardaway coached both Team Penny and the East boys' basketball team; and (5) TSSAA is subject to the Open Meetings Act. The trial court also dissolved all injunctions and restraining orders granted in favor of SCBE.

On November 4, 2019, the SCBE Appellees filed a motion to alter or amend the judgment, asking the trial court to void both the "athletic coaching link" rule and the Board of Control's eligibility decisions as to the Students because each was made in violation of the Open Meetings Act. Appellees also filed a motion to alter or amend asking the trial court to find that: (1) the trial court had jurisdiction to overturn TSSAA's eligibility decisions; (2) the Students had due process rights that TSSAA violated; and (3) TSSAA violated the Open Meetings Act.

On January 7, 2020, the trial court granted the SCBE Appellees' motion to alter or amend the judgment but denied Appellees' motion. Specifically, the trial court found that TSSAA violated the Open Meetings Act when: (1) it adopted the "athletic coaching link" rule; and (2) the Board of Control determined that the Students were ineligible to play basketball for East for the 2017-2018 season. Accordingly, the trial court held that the "athletic coaching link" rule and TSSAA's eligibility decisions were void. All parties appeal.

We note that Appellees join in the SCBE Appellees' brief and adopt all arguments therein.

## II. Issues

TSSAA raises two issues for review, which we restate as follows:

1. Whether the Open Meetings Act applies to TSSAA.

2. Whether the trial court erred when it nullified both TSSAA's "athletic coaching link" rule and its decision that the Students were ineligible to participate on the East boys' basketball team for the 2017-2018 season.

In the posture of Appellee, the SCBE Appellees raise four issues for review, which we restate as follows:

1. Whether the Open Meetings Act applies to TSSAA and, if so, whether TSSAA violated the Act.

2. Whether the trial court erred in failing to: (1) permanently enjoin TSSAA from violating the Open Meetings Act; (2) maintain jurisdiction over the case for one year; and (3) order TSSAA to report to the trial court regarding its compliance with

the Open Meetings Act.

3.  Whether the trial court erred when it granted summary judgment to TSSAA on the SCBE Appellees' claim that TSSAA's ineligibility decision was arbitrary under Tennessee law.

4.  Whether the trial court erred when it granted summary judgment to TSSAA on the SCBE Appellees' claim that TSSAA violated the SCBE Appellees' due process rights.

### III. Analysis

Before addressing the specific issues, we must first determine whether the parties have presented this Court with a justiciable case. "[]Tennessee's courts have, since the earliest days of statehood, recognized and followed self-imposed rules to promote judicial restraint and to provide criteria for determining whether courts should hear and decide a particular case." ***Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cty.***, 301 S.W.3d 196, 202 (Tenn. 2009). Also called the "justiciability doctrines," these rules reinforce the belief that "the province of a court is to decide, not advise, and to settle rights, not to give abstract opinions." ***Id.*** at 203 (quoting ***State v. Wilson***, 70 Tenn. 204, 210 (1879)). Accordingly, Tennessee courts limit their role to deciding "legal controversies," where "the disputed issue is real and existing . . . ." ***Id.*** (internal citations omitted).

To remain justiciable, the disputed issue and legal controversy must endure "from the time it is filed until the moment of final appellate disposition." ***Id.*** at 204 (internal citations omitted); *see also* ***Public Emps. for Envtl. Responsibility v. Tenn. Water Quality Control Bd.***, No. M2008-01567-COA-R3-CV, 2009 WL 1635087, at *6 (Tenn. Ct. App. June 10, 2009) ("In order to retain its character as a justiciable controversy to be adjudicated by the court, the controversy must remain alive throughout the course of litigation, including the appeal process."). If the "question involved in the action as originally brought" no longer exists, the case becomes moot. ***State ex rel. Lewis v. State***, 347 S.W.2d 47, 48 (Tenn. 1961). "A moot case is one that has lost its justiciability either by court decision, acts of the parties, or some other reason occurring after commencement of the case." ***Norma Faye***, 301 S.W.3d at 204. "The central question in a mootness inquiry is whether changes in the circumstances existing at the beginning of the litigation have forestalled the need for meaningful relief." ***McIntyre v. Traughber***, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994) (citing Federal Practice and Procedure § 3533.3, at 261). A case is generally considered moot if "it no longer serves as a means to provide relief to the prevailing party." ***Id.*** (internal citations omitted). Whether an action has become moot is a question of law to be decided by the court. ***Public Emps. for Envtl. Responsibility***, 2009 WL 1635087, at *7 (citing ***Hurd v. Flores***, 221 S.W.3d 14, 30 (Tenn. Ct. App. 2006)).

Tennessee courts generally refrain from adjudicating moot controversies and rendering advisory opinions. *See Lewis*, 347 S.W.2d at 48; *see also McIntyre*, 884 S.W.2d at 137; *Super Flea Mkt. v. Olsen*, 677 S.W.2d 449, 451 (Tenn. 1984); *Parks v. Alexander*, 608 S.W.2d 881, 892 (Tenn. Ct. App. 1980). Indeed, our Supreme Court has explained that, while it may be

> convenient or desirable for either party that the questions mooted in the case be authoritatively settled for future guidance, the court is not justified in violating fundamental principles of judicial procedure to gratify that desire. To invoke the jurisdiction of a court of justice, it is primarily essential that there be involved a genuine and existing controversy, calling for present adjudication as involving present rights, and **although the case may have originally presented such a controversy, if before decision it has, through act of the parties or other cause, lost that essential character, it is the duty of the court, upon the fact appearing, to dismiss it.**

*Lewis*, 347 S.W.2d at 48 (quoting *S. Pac. Co. v. Eshelman*, 227 F. 928, 932 (N.D. Cal. 1914)) (emphasis added); *see also Public Emps. for Envtl. Responsibility*, 2009 WL 1635087, at *6 ("[T]he doctrine of justiciability encourages the appellate courts to decline to address appeals that do not involve a genuine and live controversy . . . ."). With the foregoing in mind, we turn to the question of justiciability in this case.

Although the SCBE Appellees and Appellees make various arguments concerning the "athletic coaching link" rule, TSSAA's actions and alleged due process violations, and the Open Meetings Act, all of these arguments relate back to TSSAA's determination that the Students were ineligible to participate on the East boys' basketball team during the 2017-2018 season. Specifically, the SCBE Appellees requested, in pertinent part, that the trial court issue a temporary restraining order, temporary injunction, and permanent injunction prohibiting TSSAA from enforcing its ineligibility decisions. Similarly, Appellees requested that the trial court declare TSSAA's ineligibility decisions void and that the Students were eligible to participate on the East boys' basketball team during the 2017-2018 season. In short, it is clear that this action was filed to contest TSSAA's ineligibility decisions as to the Students and to enjoin TSSAA from enforcing the decision. The question, then, is whether the original legal controversy presented in this case, i.e., the Students' eligibility to play for East, remained justiciable throughout these proceedings.

The record shows that SCBE filed its initial petition in November 2017, at the start of the 2017-2018 basketball season. However, the trial court did not hear the competing motions for summary judgment until June 2019. By this time, the circumstances that existed at the beginning of litigation had substantially changed such that Appellees no longer required any "meaningful relief" from the trial court. *McIntyre*, 884 S.W.2d at 137. Indeed, when the trial court entered its final order in January 2020, the Students had already participated on the East boys' basketball team for the 2017-2018 season, and the Students

had graduated from the high school.[2]  Thus, the question of whether the Students were eligible to participate on the East boys' basketball team during the 2017-2018 season was rendered moot when the season ended and was certainly fully extinguished when the Students graduated from East.  *See Lewis*, 347 S.W.2d at 48.  Accordingly, there was no live controversy existing between any of the Appellees and TSSAA when the trial court heard the competing motions for summary judgment.  *See Hurd*, 221 S.W.3d at 31; *McIntyre*, 884 S.W.2d at 137.  Thus, there were no present rights related to the original controversy for the trial court to adjudicate. *See Lewis*, 347 S.W.2d at 48.  Simply put, the controversy had lost its essential character and had become moot.  *See Public Emps. for Envtl. Responsibility*, 2009 WL 1635087, at *6; *Hurd*, 221 S.W.3d at 31; *McIntyre*, 884 S.W.2d at 137; *Norma Faye*, 301 S.W.3d at 204; *Lewis*, 347 S.W.2d at 48.

Because the legal controversy was moot when the trial court adjudicated it, the trial court's final order amounted to an advisory opinion.  Given the principle in this State that courts should generally refrain from rendering advisory opinions, we vacate the trial court's final order.  *See Lewis*, 347 S.W.2d at 48; *see also Super Flea Mkt.*, 677 S.W.2d at 451; *Parks*, 608 S.W.2d at 892.  Because the controversy was moot before the trial court entered its final order, it is our duty to dismiss the appeal as moot.  *Lewis*, 347 S.W.2d at 48; *see also Norma Faye*, 301 S.W.3d at 204; *Public Emps. for Envtl. Responsibility*, 2009 WL 1635087, at *6.

## IV.  Conclusion

For the foregoing reasons, the appeal is dismissed as moot, and the trial court's order is vacated.  The case is remanded for such further proceedings as may be necessary and are consistent with this opinion.  Costs of the appeal are assessed one-half to Appellant TSSAA and one-half to the SCBE Appellees, for all of which execution may issue if necessary.

_s/ Kenny Armstrong_____
KENNY ARMSTRONG, JUDGE

---

[2] Both Students were enrolled at, and playing basketball for, the University of Memphis when the trial court entered its October 2019 order on the motions for summary judgment.  When the trial court entered its final order in January 2020, Mr. Boyce was still enrolled at the University of Memphis, but Mr. Wiseman had left the university and announced his preparation for the 2020 NBA draft.  When this Court heard oral arguments in January 2021, Mr. Boyce was playing college basketball for Georgia State, and Mr. Wiseman was playing professional basketball for the Golden State Warriors.